CHIEF JUSTICE LINDSAY
delivered the opinion of the court.
Grundy was qualified as sheriff of McCracken County in January, 1873, and Thompson and others became sureties on his official bond. In January, 1874, he appeared in the McCracken County Court, and gave an additional or renewal bond, with' the appellants, Ketler and Billingsly, and others as his sureties. This bond was executed pursuant to section 25, chapter 100, of the General Statutes, which provides *289 that “It shall be the duty of the county court to cause the sheriff annually to renew his bond required by this chapter, and oftener if the court may deem proper;” and it is no objection to its validity that Grundy was in office when the General ■Statutes took effect, nor that he voluntarily came into court, and did that which the court was bound to require him to do. When this bond was executed the sheriff had in his hands ■certain executions theretofore issued, which he had already levied. Afterward he sold the property levied on and collected a considerable sum of money. He failed to pay this money to the persons entitled to receive it, and failed to return the executions for more than thirty days after their respective return-days.
The plaintiffs instituted their actions on the bond executed in 1873. Judgments were recovered, and Thompson, the only solvent surety on that bond, was compelled to pay between $1,600 and $1,700.
The sheriff being insolvent, Thompson sued Ketler and Billingsly, the only solvent sureties on the bond executed in 1874 for contribution. Judgment was rendered in his favor, and they have appealed to this court.
The condition of their bond was that Grundy should, by himself or deputies, well and truly discharge all the duties of his office, and pay over to such persons, at such times as they might respectively be entitled to the same, all moneys that might come to his or their hands as sheriff. The object of the statute under which this bond was taken was to provide additional security to the public. The bond took effect immediately, and operated as well for the benefit of the parties who then had executions in the hands of the sheriff as fox ■those who might thereafter place them in his hands. It did not retroact so as to cover past defalcations or breaches of duty touching such executions, but it bound the sureties to make good any losses that should result from future failures by the *290 sheriff to perform such duties as then rested on him in their collection and return. The breaches of duty for which Thompson was compelled to answer were the sheriff’s failure to pay over the money lawfully collected after the execution of their bond, and the failure to make due return of the executions. These breaches fall within the very terms of the bond and are covered by it. From the date of its execution the sureties in the two bonds were co-sureties, and were jointly bound to answer for the acts of their principal.
In this view of the case there can be no doubt that the judgment appealed from is correct and proper. It is therefore affirmed.