RUDOLF and others, Appellants, vs. MALONE and others, Respondents.

*October 23 — November 7, 1899.*

*Sureties: Discharge by county court: Cumulative bond of executor: Contribution: Estoppel.*

1. Prior to the enactment of ch. 335, Laws of 1897, county courts had no power, by the taking of a new bond or otherwise, to discharge sureties on the bond of an executor or administrator from liability for either past or prospective misconduct of an executor, administrator, or trustee; but such new bond, if taken, was merely cumulative.

·2. The sureties on the second or cumulative bond of an executor, which was signed by five of the sureties on the first bond and three other persons, may enforce contribution from sureties on the first bond who did not sign the second, to recover the latter's share of an amount paid by the plaintiffs by reason of embezzlement by the principal prior to the execution of the second bond; and recitals in the second bond that one of the signers of the first desired to be released and another had removed from the county do not operate as an estoppel against the plaintiffs, nor do they show an agreement between the parties that the sureties on the second bond were to be primarily liable.

APPEAL from a judgment of the circuit court for Rock county: JOHN R. BENNETT, Circuit Judge. *Reversed.*

This is an action for contribution, brought by eight sureties against three alleged co-sureties for money paid on bonds given by one W. T. Rambusch as executor of the will of one John Nelson, deceased. The complaint alleges the appointment of Rambusch as executor, and the giving of an executor's bond by him January 5, 1892, which was signed by five of the plaintiffs and the three defendants as sureties. The complaint further alleges the issuance of letters testamentary to Rambusch; that he entered upon his duties as executor, and received property of the estate to the amount of nearly $28,000; and that he afterwards embezzled the

sum of $13,730.15 thereof, which embezzlement is alleged to have been completed upon the 8th day of August, 1893. The complaint further alleges that Rambusch absconded in October, 1896, and committed suicide; that prior to said absconding, and on the 8th day of August, 1893, Rambusch, as principal, delivered and filed with the county court of Dodge county an executor's bond, as additional and cumulative to the first bond, which was signed by five of the plaintiffs in this action, who were also signers of the first bond, and by the three remaining plaintiffs, who were not sureties upon the first bond, and was not signed by the three defendants in this action. This second bond is set forth in the complaint, and is in the usual form of an executor's bond, save that in the recitals preceding the obligatory words the giving of the previous bond is recited and the following clause is added: " And whereas *J. E. Malone,* one of the sureties on said bond, has asked to be released from the same, and *Bernard Hauser,* another of said sureties, has ceased to be a resident of said county of Dodge: Now, therefore, if said W. T. Rambusch, executor as aforesaid, shall administer according to law and the will of the testator all the goods, chattel rights, credits, and estate of said deceased which *have* and shall at any time come to his possession," etc. Both bonds are alleged to have been in the penal sum of $40,000.

The complaint further alleges the settlement in the county court, upon due notice both to plaintiffs and to defendants, of the final account of said executor, and the determination of his embezzlement at $13,730.15, and the payment by the plaintiffs of the sum of $11,000 to the proper parties in settlement of such embezzlement, and also that the defendants have refused to pay any part of such amount, notwithstanding that the same has been demanded; and judgment for $3,000, with interest, is demanded.

To this complaint answers were interposed by the three

Rudolf and others vs. Malone and others.

defendants, setting forth a considerable number of facts, which are not necessary to be stated here, but which are claimed by the defendants to show that the second bond was in legal effect not a cumulative bond, but a substituted bond, and that, as between the plaintiffs and the defendants, the plaintiffs have no right to call upon the defendants for contribution.

Upon the trial an objection to the introduction of any evidence under the complaint, for the reason that no cause of action was stated therein, was sustained, and judgment was entered dismissing the complaint, from which judgment the plaintiffs appeal.

For the appellants there was a brief by *C. E. Hooker*, and oral argument by *Harlow Pease*.

*S. W. Lamoreux* and *M. L. Lueck*, for the respondents.

WINSLOW, J. This court has recently decided, after full consideration, that county courts, prior to the passage of ch. 335, Laws of 1897 (now found in part in sec. 4281*b*, Stats. 1898), had no power, by the taking of a new bond or otherwise, to discharge sureties from liability for either past or prospective misconduct of an executor, administrator, or trustee, but that such new bond, if taken, was merely cumulative. *Richter v. Leiby's Estate*, 101 Wis. 434. This being the law, it is evident that the giving of the second bond in this case in August, 1893, did not discharge the liability of any surety on the first bond. But it is said that, while the sureties who did not sign the first bond were not discharged from liability to the distributees or creditors of the estate, still, when the question of the right to contribution arises, the situation is different, and that the sureties on the second bond have by their own act become primarily liable, and cannot demand contribution from sureties who signed the first bond only, because the right of contribution is founded simply on equitable considerations, and does not arise from ex-

press contract.   This exact question was raised in *Thompson
v. Dekum,* 32 Oreg. 506, and decided adversely to the de-
fendants' contention here, upon reason and authority.   It
was there said, in effect, that if sureties are bound for a
common principal, to insure the performance of the same
duty or obligation, the fact that they may be bound by dif-
ferent instruments given at different times is immaterial;
the right to contribution exists.   This is the situation shown
by the complaint in the present case.   Nor is the rule af-
fected by the fact that the second bond recites that one of
the defendants has asked to be released from the first bond,
and another has removed from Dodge county.   These facts
alone neither show any agreement between the parties that
the second set of sureties were to be primarily liable, nor
do they amount to an estoppel.   Whether the allegations of
the answers show a defense by way of an implied agreement
or estoppel is a question which is not before us, and which
is not decided.

   *By the Court.*— Judgment reversed, and action remanded
for a new trial.