ELLIS, Appellant, vs. SOUTHWESTERN LAND COMPANY, imp., Respondent.

| | |
|---|---|
| 108 | 313 |
| 112 | 410 |
| 112 | 412 |
| 112 | 455 |

*November 16 — December 7, 1900.*

*Principal and surety: Fraudulent conveyance: Equity.*

A surety who has not paid the debt of his principal cannot maintain an action in equity to have a fraudulent conveyance by the principal set aside and the property so conveyed subjected to the payment of the debt.

APPEAL from an order of the circuit court for Eau Claire county: JAMES O'NEILL, Circuit Judge. *Affirmed.*

A demurrer was sustained to the plaintiff's complaint on the ground that it failed to state facts sufficient to constitute a cause of action. The alleged cause of action may be briefly stated as follows: The plaintiff, *H. C. Ellis,* executed an undertaking to pay costs on an appeal and damages, if the judgment was affirmed, in an action wherein one Whereatt was plaintiff and the defendant J. F. Ellis was defendant. The condition of the undertaking was broken, and a judgment, yet unpaid, was entered thereon against plaintiff. Plaintiff is not indebted to J. F. Ellis, who is insolvent, and garnishment proceedings are now pending to enforce payment against plaintiff. On September 1, 1893, J. F. Ellis made a conveyance of all or nearly all of his available property to the defendant *Southwestern Land Company.* This conveyance is alleged to have been in fraud of creditors and in fraud of the rights of plaintiff. No proceedings have been taken to collect the judgment from J. F. Ellis, or to follow the property so fraudulently conveyed. Plaintiff is unable to pay the judgment at this time, and in this action seeks to have such conveyance set aside, to have a receiver appointed, and to have the grantee therein account for the property it received, and out of the proceeds to have the

judgment in question paid. The appeal is from the order sustaining the demurrer.

*W. F. Bailey*, for the appellant.

For the respondent there was a brief by *Wickham & Farr*, and oral argument by *James Wickham*.

BARDEEN, J. For many years the law has been settled in this state that a creditor is not entitled to maintain an action in equity to set aside a fraudulent conveyance until he has exhausted his remedy at law by obtaining a judgment against his debtor, issuing execution thereon, and having it returned unsatisfied. *Montague v. Horton*, 12 Wis. 599; *Gilbert v. Stockman*, 81 Wis. 602; *Weber v. Weber*, 90 Wis. 467; *French L. Co. v. Theriault*, 107 Wis. 627. As between the parties and their representatives, a conveyance in fraud of creditors is valid and binding. One of the first requirements that must exist to enable a creditor to attack a fraudulent conveyance is that his demand should be legally enforceable. 14 Am. & Eng. Ency. of Law (2d ed.), 281. The plaintiff is a mere surety. He has paid no part of the judgment against him. He may never do so. It may be collected from the principal, or from some one of the other parties who signed the undertaking. At law he would have no standing in court until he had paid the debt. *Taylor v. Coon*, 79 Wis. 76; *Barth v. Graf*, 101 Wis. 27.

But it is said plaintiff may maintain this action upon the principle stated in the case of *Dobie v. Fidelity & C. Co.* 95 Wis. 540. That case holds that a surety may maintain an action in equity against his principal to compel him to exonerate him from liability by discharging the debt for which both are liable, without first paying it himself. But that is not this case. The surety here is attempting to go much farther. He is seeking to attack a conveyance which he could not attack, under the circumstances stated, even if he was a creditor. His rights as surety in such a case are no

greater than those of creditors. A creditor could not pro-
ceed until he had exhausted his legal remedies. The con-
veyance being good as between the parties, it can only be
attacked by creditors of the fraudulent grantor who have
been defrauded, and then only under the circumstances al-
ready pointed out. The rule that a surety who has not paid
the debt cannot bring a suit to have a fraudulent convey-
ance of property made by his principal set aside is laid down
in the following cases: *Barnes v. Sammons*, 128 Ind. 596;
*Williams v. Tipton*, 5 Humph. 66. See *Mugge v. Ewing*, 54
Ill. 236; *Nash v. Burchard*, 87 Mich. 85. In Tennessee, under
a statute passed since *Williams v. Tipton* was decided, a
surety may now maintain such an action. *Greene v. Starnes*,
1 Heisk. 582.

The only case plaintiff's counsel was able to find which is
claimed to support his position is a memorandum decision
found in *Stump v. Rogers*, 1 Ohio, 242, the syllabus of which
reads as follows: "Security may proceed against principal
in equity to have his estate subjected to the payment of the
debt without making payment himself before commencing
his suit." The statement of the case shows that the action
was brought by a surety to set aside an alleged fraudulent
conveyance, but there is no discussion of the right in the
opinion, and the decision, tested by the syllabus, is of little
weight.

The true principle seems to be that a surety paying the
debt of his principal is subrogated to the rights of his cred-
itor. Until such payment he has no right enforceable against
third parties. He may compel his principal to exonerate
him from liability by applying his property to payment of
the debt. But, when the principal has put his property be-
yond his power to use it for that purpose, the surety must
be content to follow it along the same lines that a creditor
may follow it.

*By the Court.*— The order appealed from is affirmed.