## WESTERN INDEMNITY CO. v. MURRAY.
### (No. 212–3311.)

(Commission of Appeals of Texas, Section B.
March 8, 1922.)

**1. Principal and surety ⚖═192—Sureties on separate bonds held "cosureties" with right of contribution.**

The sureties in two separate bonds given for the same purpose occupy towards each other the position of cosureties, and, in case of loss, each is required to contribute to any sum the other might pay upon the liability, in so far as it does not exceed the penalty of either bond.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Cosurety.]

**2. Municipal corporations ⚖═703(1)—Separate bonds covering jitney bus held cumulative.**

Where the operator of a jitney bus gave the bond required by a city ordinance in the sum of $1,000, and also gave another bond covering the same jitney bus and the same driver for a similar amount, and liability was incurred by the principal because of a collision, the bonds should be treated as cumulative, there being nothing in the ordinance limiting the amount of recovery except that it should not exceed the amount of the bond.

**3. Municipal corporations ⚖═703(1)—Liability bonds by jitney operator held good as common-law bonds.**

Where an operator of a jitney bus gave two separate bonds to secure him against liability for injuries, only one bond of $1,000, however, being required by ordinance, and the liability incurred exceeded the amount of both bonds, if the ordinance under which the bond was given be construed to provide a maximum, as well as a minimum, amount of bond, the bonds still would be good as common-law bonds, and would be enforceable as such in accordance with their express terms, it appearing that each of the bonds was for the minimum amount.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Suit by Margaret Murray against the Western Indemnity Company and others, to recover compensatory damages for wrongful death of plaintiff's husband. Judgment for plaintiff was reformed by the Court of Civil Appeals (208 S. W. 696), and defendant named brings error. Affirmed as recommended by the Commission of Appeals.

C. H. Kirkland and Ware & Norcop, both of El Paso, for plaintiff in error.

E. M. Whitaker and Ponder S. Carter, both of El Paso, for defendant in error.

McCLENDON, P. J. This suit was brought by Margaret Murray against E. Martinez, several railroad companies, and plaintiff in error, Western Indemnity Company, the latter being sued as surety of Martinez, to recover compensatory damages for the death of plaintiff's husband, caused by the alleged negligence of Martinez and the railway companies. Deceased at the time of his death was a passenger in a jitney bus which collided with a train operated by one of defendant railway companies in the City of El Paso. Martinez was the owner of the jitney bus, which he operated under license issued by the City of El Paso. The ordinance under which this license was issued required the giving of a bond in the sum of $1,000 for each vehicle operated by the applicant. The bond was to be payable to the mayor and his successors—

"for the use and benefit of any and all persons as his or their interests may appear who shall have a cause of action against the principal in such bond by virtue of the negligence or misconduct of said principal, or his or its agents, servants, or employés, in connection with the operation of any such vehicles, and which bond shall be conditioned for the prompt payment of all damages which said principal or the surety bonding company in any civil suit, in a court of competent jurisdiction be condemned to pay on account of the injury to the person or property of any person or persons by reason of the negligence or misconduct of the said principal, his agents, servants or employés in connection with the operation of said vehicle for which the said principal has filed an application for a license."

The ordinance further provided that—

"Such bond shall continue as a subsisting obligation until it shall have been fully exhausted, but in no event shall the surety or sureties thereon be liable for more than the amount of such bond."

Also that—

"Should such bond be partially or wholly exhausted by recovery or recoveries thereon, it shall thereafter be unlawful for the principal therein to continue to operate any motor bus or motor busses upon the streets, alleys or public places in the city of El Paso until the person operating said motor bus shall have first filed with the city clerk of El Paso county, Texas, a new bond in like sum as the original bond and in like manner conditioned and approved."

Other provisions of the ordinance are not material.

On January 1, 1917, Martinez applied for a license, describing the vehicle to be used, and giving the name of the driver and the route over which the bus was to be operated, at the same time filing a bond in the penal sum of $1,000 with the Indemnity Company as surety; the bond in all respects complying with the ordinance. This is the bond sued upon in this case. Later, on May 1, 1917, Martinez made another application for license to operate the same bus over the

same route with the same driver, and gave a like bond in like amount, with the Maryland Casualty Company as surety. The purpose of giving the second bond is not shown by the record. Before the trial of the case the Casualty Company settled its liability to plaintiff by paying $900, and secured a full release, and the railway companies entered into an agreement with plaintiff whereby judgment was entered against some of them for $3,000, and discharging the others. The case was tried as to Martinez and the Western Indemnity Company before a jury upon special issues, and, upon findings of the jury that Martinez was liable by reason of negligence of the driver, and that the damages sustained by plaintiff were $10,000, judgment was rendered against Martinez for that amount, and this judgment was credited with the $3,000 recovery against the railway companies and the $900 paid by the Casualty Company. The trial court further rendered judgment against the Western Indemnity Company for $500, holding that the two surety companies were cosureties, and each was liable for one-half of the total amount of the penalty of one of the bonds. The Court of Civil Appeals reformed this judgment by requiring the Indemnity Company to pay $1,000, the full amount of the penalty of its bond. 208 S. W. 696.

The only question for decision is the extent of liability of the Indemnity Company under the facts above outlined. Plaintiff contends that the penalty of the two bonds was cumulative, and that she was entitled to recover against each surety the full amount of the penalty of its bond. The Indemnity Company on the other hand contends that $1,000, the prescribed penalty in the bond under the ordinance, represents the full amount which in any event could be recovered against the sureties upon the two bonds, and that, the Casualty Company having paid $900, the Indemnity Company's liability could not exceed $100.

The question thus presented is not free from difficulty, and, so far as we have been able to determine, is without exact parallel in the decided cases.

The contention of plaintiff in error is grounded in the main upon the proposition that the sureties in the two bonds occupied towards each other the position of cosureties, and each was required to contribute to any sum the other might pay upon the liability so as to make their loss equal.

[1] This position we think is unassailable in so far as the liability might not exceed the penalty of either bond. There is a unanimity of authority upon this question rarely found among adjudicated cases. The first case in which it appears to have been decided, as pointed out by judges and textwriters, is Deering v. Winchelsea, 2 B. & P. N. R. 207, decided by the Exchequer in 1787.

The question there arose as to the right of contribution between three single sureties upon three separate bonds executed at different times to secure to the Crown the faithful performance of the duties of a custom's official. The net loss to. the Crown was slightly under £4,000. It was held as between the sureties that each was liable for one-third of the loss. In the course of the opinion it is said:

"The point remains to be proved that contribution is founded in contract. If a review is taken of the cases, it will appear that the bottom of contribution is a fixed principle of justice and is not founded in contract."

A clear and succinct statement of the rule in such matters follows:

"It is universally admitted that sureties for the same debt or obligation must divide the loss between themselves, though they are liable in obligations of different dates and with different penalties, even though one bond was given without the knowledge of the sureties on the other bond. 10 Cent. Law J. 264."

Among other authorities to the same effect might be cited: Lacy v. Rollins, 74 Tex. 566, 12 S. W. 314; Rush v. Bishop, 60 Tex. 177; Thompson v. Dekum, 32 Or. 506, 52 Pac. 517, 755; Rudolf v. Malone, 104 Wis. 470, 80 N. W. 743; Ketler v. Thompson, 13 Bush (Ky.) 287; Gilbert v. Board of Education, 45 Kan. 31, 25 Pac. 226, 23 Am. St. Rep. 700; Postmaster General v. Munger, 2 Paine, 189 (Fed. Cas. No. 11,309); U. S. v. Hoyt, 1 Blatch. 326, Fed. Cas. No. 15,409; 21 R. C. L. 948; 27 A. & E. Ency. of Law (2d Ed.) 483; 32 Cyc. 17; Stearns on Suretyship (2d Ed.) 263. This rule, however, does not meet the issue in the present case, since the loss recovered against the principal exceeded the combined penalties of both bonds.

[2] A careful examination of the ordinance under which these bonds were executed will disclose no purpose to limit the maximum amount of the penalty of the required bond to $1,000. It is made quite clear in the language above quoted that the minimum is $1,000. Whenever by recovery the bond is reduced below that amount, the right to operate the bus is automatically suspended until a new bond in like amount is filed. The purpose of the bond was to protect all persons who might be injured by negligent operation of the jitney. There is nothing in the ordinance which inhibits the jitney owner from extending this protection beyond the minimum amount required by the ordinance. Had the two bond companies executed a single bond in the penal sum of $2,000, and each surety therein limited its individual liability to $1,000, we think the bond would have been good as a compliance with the ordinance, and recovery could have been had in accordance with its terms. The two bonds having been given without reference to each

other, and there being nothing in the ordinance limiting the amount of recovery except that it should not exceed the amount of the bond, we think the, bonds should be treated as cumulative. We can conceive of no other purpose on the part of the jitney owner in paying the premium upon the second bond than to add to the protection of those who might. suffer from negligent operation of the bus.

[3] The same result would necessarily follow, even if the view were taken that the ordinance provided a maximum as well as a minimum amount of bond. In that event it is clear that the bonds would be good as common-law bonds, and should be enforced as such in accordance with their express terms. This subject is treated, with full citation and review of Texas decisions in the recent case of Watkins v. Minter, 107 Tex. 428, 180 S. W. 227, which quotes with approval the test of validity as a common-law obligation of a bond executed under, but not in compliance with, some statute, as laid down in Canal Co. v. Roberts, 62 Tex. 615, as follows:

"The general rule is that a bond, whether required by statute or not, is good at common law if entered into voluntarily and for a valid consideration, and if not repugnant to the letter or policy of the law."

That each of these bonds met each of these prerequisites there can be no question.

We conclude that the judgment of the Court of Civil Appeals should be affirmed.

PER CURIAM. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.