CITY OF PROVIDENCE FOR BENEFIT OF PIERRE MICHAUD
*vs.*
VICTOR LAURENCE *et al.*

CITY OF PROVIDENCE FOR BENEFIT OF MARY ANNE MICHAUD
*vs.*
VICTOR LAURENCE *et al.*

APRIL 19, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun and Sweeney, JJ.

(1) *Jitney Bonds. Actions.*

Cap. 93, ordinances of the City of Providence passed under the authority of Pub. Laws, cap. 1263, (1915), regulating the licensing and operation of motor buses, affects the operation of such motor vehicles only within the limits of the City of Providence, and has no extra territorial effect, and the bond required by said ordinance to be given to said city in order to procure a license to operate a motor bus, covers damages sustained on account of the negligence of the principal or his employees in the conduct of the business only within the limits of said city.

DEBT ON BOND.    Heard on exceptions of plaintiff's to action of Superior Court sustaining demurrers to declarations and exceptions overruled.

SWEENEY, J.    These are actions of debt on the same bond brought in the name of the City of Providence by residents therein against Joseph O. Laurence as principal and Victor Laurence as surety, both of West Warwick in the county of Kent.  The actions are brought by husband and wife and are based upon personal injuries received by her while riding as a passenger in an automobile operated by the defendant Joseph O. Laurence.

Each declaration averred that said defendant Joseph O. Laurence operated an automobile in the so-called jitney business between Warwick Center Square, West Warwick, and the city of Providence; that said Mary Anne Michaud boarded said automobile in West Warwick for the purpose of being transported to the city of Providence; and that while she was being transported in said automobile, over a public highway in the city of Cranston along the route to said Providence, said defendant so negligently operated said automobile that it collided with another automobile and said Mary Anne Michaud sustained severe bodily injuries.

The declarations also averred that July 2, 1920, the defendants signed, sealed, executed, and delivered their bond to the said city of Providence as obligee, for the purpose of enabling said Joseph O. Laurence to procure a license from the Board of Police Commissioners of said city to operate a motor bus in the business of transporting, in said city, passengers for hire, and undertook and agreed in said bond to pay all damages sustained by any person which might be caused by the negligent or unlawful action of said operator, or his agents, in the use or operation of said motor bus.

The defendants demurred to the declarations on the ground that they had not obligated themselves to pay for

any damages sustained in the city of Cranston. The demurrers were sustained by a justice of the Superior Court and the plaintiffs have brought the cases to this court upon their bills of exception, claiming that said action was contrary to law.

Chapter 1263 of the Public Laws, passed at the January Session, 1915, authorizes each city and town to regulate, by ordinance, the business of transporting, in such city or town, passengers for hire by means of any motor vehicle.

Acting under the authority conferred by said chapter, the city council of the city of Providence passed an ordinance providing for licensing motor buses and regulating the operation thereof in said city. Said ordinance is known as Chapter 93 and was approved May 19, 1915. It provides, among other things, that no person shall engage in the business of transporting in the city of Providence passengers for hire by means of any motor vehicle without first obtaining a special annual license for each vehicle employed by him in such business. It also provides that no person shall operate a motor bus in any street or public place in said city without first obtaining a special annual chauffeur's license therefor. The ordinance fixes the amount of such license fees and designates the Board of Police Commissioners of said city as the administrative body to issue said licenses. The ordinance contains many provisions regulating the operation of said motor buses upon any street or public place in said city.

Said ordinance also provides (Sec. 9) that no license shall be issued for any motor bus until there has been filed with said Board of Police Commissioners a bond running to the city of Providence in an amount to be computed at the rate of $500.00 per seat of the passenger seating capacity thereof, with surety conditioned in substance to pay all damages sustained by any person injured in his person or property by any careless, negligent or unlawful act on the part of the principal named in such bond or his employees in the conduct of his said business, or in the use or operation

of such motor bus employed by him therein, and such bond shall be maintained during the term of the license and shall run until the liability thereunder has ceased.

The purpose of the General Assembly in passing said Chapter 1263 was to empower each city and town, desiring to do so, to regulate the business of transporting passengers for hire by means of motor vehicles. If a municipality does not wish to avail itself of the power to regulate such business within its confines, then any person may engage in said business therein without regulation, subject only to the general laws relating to the operation of motor vehicles. The ordinance passed by the city council of Providence affects the operation of such motor vehicles only within the limits of the city and has no extra territorial effect. The bond required by said ordinance to be given to said city in order to procure a license to operate a motor bus is for the manifest purpose of giving a person injured by the negligent operation of such licensed motor bus, within the limits of said city, some opportunity to collect the damage sustained by him. To hold that a person, injured by the negligent operation of such motor bus outside of the limits of the city, could sue upon the bond given to said city might deprive a person injured by the same motor bus, within the limits of said city, of an opportunity to collect the damage sustained by him by suit upon said bond. The bond itself states that it is given for the purpose of enabling the principal to secure a license to operate a motor bus in said city, and the surety on the bond is only chargeable according to its strict terms and conditions. Two cases bearing upon this question are *Bartlett et al. v. Lanphier et al.*, 162 Pac. Rep. 532, and *Fischer v. Pollitt*, 112 Atl. Rep. 305.

As the license to operate the motor bus under said ordinance is limited to the city of Providence, and the bond is conditioned to pay damages sustained on account of the negligence of the principal or his employees in the conduct of said business within the limits of said city, there was no

error in the action of the court in sustaining the demurrers to the declarations.

All of the plaintiff's exceptions are overruled and the cases are remitted to the Superior Court for further proceedings.

*Archambault & Archambault, Joshua Bell,* for plaintiff.
*John F. Murphy,* for defendant.