50

Luce, County Judge, Respondent, vs. Fidelity & Casualty Company of New York, Appellant: Habecker and others, Interpleaded Defendants and Respondents.

*March 4—June 22, 1936.*

52

For the appellant there were briefs by *Alfred L. Godfrey,* and oral argument by *Mr. Godfrey* and *Mr. Robert K. Cullen,* both of Elkhorn.

*Charles E. Wilson* of Elkhorn, for the respondent Roscoe R. Luce.

For the respondents Clarke B. Habecker, Edna Habecker, Thomas Derrick, and Margaret Derrick there was a brief by *Charles S. French* and *Sturges P. Taggart,* both of Lake Geneva, and oral argument by *Mr. Taggart.*

MARTIN, J. The plaintiff contends that the appellant, as surety on the guardian's bond, is liable for all defaults of the guardian, regardless of when such defaults occurred. The appellant contends that, since the bond was furnished in connection with the proceedings for the sale of the ward's real estate, liability under the bond is limited to a proper accounting for the proceeds received from such sale. If the obligation of the bond in question is general and covers the entire period of the guardianship, the appellant would be concluded by the judgment entered in the county court. *Clark v. Sloan*

(1934), 215 Wis. 423, 428, 254 N. W. 653, and cases there cited.

It appears that Willis L. Hand was adjudged incompetent July 14, 1931. The defendant, Jesse R. Hand, was appointed his guardian, and as such he furnished a bond as required by sec. 319.05, Stats., in the penal sum of $1,000. Mary L. Hand, one of the interpleaded defendants, signed this bond as surety. On October 7, 1932, the guardian instituted proceedings in the county court under sec. 296.06, Stats., for a sale of his ward's real estate. In connection therewith the county court entered the following order:

"(a) That Jesse R. Hand, general guardian of said Willis Hand, incompetent, be and he hereby is authorized and empowered to do all things in relation to the proceedings upon such application, and that he shall give a bond (in addition to such guardian's original bond) to the judge of this court, to be filed in this court, in the sum of $6,000, with good and sufficient sureties to be approved by said court, conditioned for the faithful performance of the trust reposed, and for paying over, investing and accounting for all moneys that shall be received by him as such guardian, according to the order of any court having authority to give directions in the premises, and for the observance of all orders and directions of the court in relation to said trust."

Pursuant to this order and under sec. 296.08 (2), Stats., the appellant furnished the bond in question. It is in the usual county court form and in the body thereof contains the following recital:

"Whereas, by an order of the county court for Walworth county, Wisconsin, made on the 7th day of October, 1932, in the matter of the sale of the real estate of Willis Hand, incompetent, the above bounden Jesse R. Hand was as general guardian authorized to act in relation to the proceedings in said court upon application made therein for the purpose of selling real estate of said Willis Hand, incompetent, in the petition in said matter particularly described" (then follows a description of the real estate).

The bond is conditioned as follows:

"Now, therefore, the condition of this bond is such that if the herein bounden Jesse R. Hand, shall faithfully perform said trust reposed, and shall pay over, invest and account for all moneys that shall be received by him as such guardian, according to the order of any court or judge having authority to give directions in the premises, and shall observe all the orders and directions of the court in relation to such trust, then this bond shall be null and void, otherwise it shall be and remain in force."

Sec. 296.08 (2), Stats., provides:

"When such application is made on behalf of an incompetent person, the guardian of such incompetent person shall, in the discretion of the court, give a bond to the judge of the court to be filed in the county court or with the clerk of the circuit court, in such sum, additional to the guardian's original bond, as the court or judge may deem necessary, with such sureties and such conditions for the faithful performance of trust reposed as above prescribed by this section."

The conditions prescribed are found in sub. (1) (a) and are as follows:

"Conditioned for the faithful performance of the trust reposed, for paying over, investing, or accounting for all moneys that shall be received by such guardian, according to law and for observance of the directions of the court in relation to the said trust."

The petition, order, bond, preliminary agreement, confirmation of agreement, and order to convey are all entitled, "In the Matter of the Sale of the Real Estate of Willis Hand, Incompetent." The order directing the conveyance contains the following provision:

"It is further ordered that the residue of said proceeds be disposed of as follows: That the said Jesse R. Hand as general guardian shall retain the residue of the proceeds of such sale, to be administered by him as general guardian, subject to the further order of the court, under the laws of the state of Wisconsin."

Manifestly, the condition of the bond as prescribed by the statute relates to something more than the sale of the land and paying over, investing, or accounting for the proceeds derived from the sale. If that was all that was intended, the words "and for observance of the directions of the court in relation to the said trust" would be wholly unnecessary. The statutory scheme for the sale and disposition of the lands of an incompetent does not contemplate a paying over by the general guardian who makes the sale to himself as general guardian appointed on petition for guardianship. When the moneys derived from the sale of the land are in the hands of the general guardian, they are in his hands for all purposes, and the words "for observance of directions of the court in relation to said trust" relate to the trust imposed upon him as a general guardian. No trust other than as general guardian is imposed upon him.

Sec. 321.015, Stats., provides that the county court may at any time require additional bond to be given by any guardian whenever it shall deem it necessary. The statute makes no provision for a special bond to be given on the sale of the real estate of an incompetent person by his guardian. It provides for a bond additional to the guardian's original bond.

The question for decision therefore is, What is the legal effect of the giving of an additional bond by the guardian of an incompetent? This matter has been dealt with in prior decisions of this court. An "additional bond" is, as the language indicates, a bond in addition to the bond already given.

In *Rudolf v. Malone* (1899), 104 Wis. 470, 80 N. W. 743, the court said:

"It was there said [referring to *Thompson v. Dekum,* 32 Or. 506], in effect, that if sureties are bound for a common principal, to insure the performance of the same duty or obligation, the fact that they may be bound by different instruments given at different times is immaterial; the right to contribution exists."

It is implicit in this decision that the liability of the sureties on the first and second bonds was a common liability. That liability is in its nature identical and, except as limited by the penal sum named in the bond, the legal effect is the same as if the sureties had all signed one bond.

In *Brehm v. United States Fidelity & Guaranty Co.* (1905) 124 Wis. 339, 102 N. W. 36, an attempt was made to discharge the sureties upon the first or original bond of the guardian of an incompetent by giving of a second bond. The court in the proceeding attempted to release the sureties on the first bond. There was a failure, however, to give the notice required by the statute and the attempt to discharge the sureties on the first bond was held ineffectual. It was argued in that case, as in this, that the operation of the bond was prospective by its terms, and that the sureties on the second bond were liable only for subsequent defaults of the guardian. The court, however, held that the surety was liable for all moneys in the hands of the guardian at the time the bond was executed, for all moneys subsequently received and liable for the failure of the guardian to pay and deliver all the property, real and personal, remaining in his hands or due from him on the final settlement. The statute construed in the *Brehm Case* was sec. 3967, Stats. 1898. This section now appears in all matters material to this controversy as sec. 321.015.

The trial court therefore correctly held that the appellant was liable upon its bond for the failure of its principal to pay over all moneys in his hands derived from the sale and, in addition thereto, all moneys due from him on final settlement.

The appellant's cross complaint against the interpleaded defendants is grounded upon the theory of subrogation. Appellant has no present right to subrogation. It has made no payment under the judgment appealed from. The doctrine

of subrogation is based upon payment and not on liability. *Heller v. Shapiro* (1932), 208 Wis. 310, 242 N. W. 174; *Ellis v. Southwestern Land Co.* (1900) 108 Wis. 313, 84 N. W. 417. The order sustaining the demurrer of the interpleaded defendants to the appellant's cross complaint will be affirmed.

*By the Court.*—The judgment and orders appealed from are affirmed with costs.

NELSON, J., dissents.