## AMICABLE LIFE INS. CO. v. SCOTT.

### No. 1848.

Court of Civil Appeals of Texas. Waco.

Jan. 28, 1937.

McClellan, Lincoln & Williams and O. F. Jones, all of Waco, for appellant.

F. M. Fitzpatrick, of Waco, for appellee.

E. M. DODSON, Special Associate Justice.

This suit was instituted by appellee, Mrs. Leatha Moore Scott, against appellant, Amicable Life Insurance Company of Waco, Tex., seeking to recover on a policy issued by appellant on the life of Leo Scott, the husband of appellee. The policy issued July 1, 1932, provided for payment to appellee, the beneficiary, the sum of $1,000 in the event of insured's death while the policy was in force. All premiums on the policy were paid either in cash or by notes up to July 1, 1934. On July 1, 1934, the quarterly premium amounting to $8.22 became due. The insured executed a note for $13.30, which covered this quarterly premium, and a note for $5 previously executed as part payment for the March quarterly premium, and a small amount of interest thereon. The note for $13.30 became due October 1, 1934; at that time another quarterly premium became due. Neither the premium nor the note was paid. Appellant, after the grace period of 30 days, treated the policy as having lapsed and mailed out the notice advising the insured that the policy had lapsed and urging him to make application for reinstatement. The policy provided that in the event of default of any of the premium payments after premium shall have been paid for 2 full years that the company will, subject to the other conditions of the policy, grant to the insured one of three options. The first provided that the full amount of the policy will be extended as term insurance for the time named in the table contained in said policy under the heading of extended insurance. The other two options provide for paid-up insurance or payment of cash value on the surrender of the policy. The last two options are not material here because the insured did not exercise his right to claim the benefit of either of them. The policy also provided that any indebtedness to the company, including loans, will be deducted in any settlement of the policy or any benefit thereon. The note given by the insured, among other things, provided that in case any premium was not paid on the policy

that the amount of the note, with the accrued interest thereon, would be deducted from any amount due the insured on any of the settlements provided for by the terms of the policy. The cash surrender value, or loan value of this policy on November 1, 1934, was $18. Appellant deducted the note for $13.50 (amount of note and interest) from this amount and credited the insured with $4.50 which was available for the purchase of extended insurance. This amount would have extended the policy for a period of 152 days from October 1, 1934, which would have kept it in force to March 2, 1935. Leo Scott died on June 26, 1935. Appellant refused payment of the policy on the grounds that the insurance was not in force after March 2, 1935. It is the contention of appellee that appellant did not have a legal right to deduct the amount of note given by insured for the sum of $13.50 from the cash surrender value of the policy on October 1, 1934, when the premium was not paid, but that the entire $18 was available for the purpose of purchasing extended insurance, and that this amount would have kept the policy in force until October, 1935, several months after Scott's death. At the close of the testimony, the court instructed the jury to return a verdict in favor of appellee for the sum of $1,088.97, with interest, costs of court, and $250 attorney's fees. This appeal is from that judgment.

The appellant presented a number of assignments of error and one lengthy proposition of law, but the question raised by all of these may be briefly stated as follows: The court erred in holding that appellant did not have a right to charge the note of $13.50 against the cash value of the policy, and thereby reduce the amount that otherwise would have been available for the purchase of extended insurance. In order to determine the correctness of this contention, it will be necessary to examine the pertinent provisions of the policy and of the note. It will not be necessary to set out the table and provisions of the policy by which the loan or cash value is determined, as there seems to be no question about the fact that such value on October 1, 1934, was $18. The policy contains, among other things, the following provisions:

"In the event of default of any premium payment after premium shall have been paid for two full years, the company will, subject to other conditions of this Policy,

grant the following options: 'Extended Insurance.' Extend automatically as a time policy the amount insured by this Policy, for the time named in the above table and under the head of 'Extended Insurance,' said insurance to be nonparticipating through the extent of the policy."

"Any indebtedness existing against this policy at date of default will cause a reduction of all values named in the above Table; * * * The Extended Insurance will not be reduced in amount, but the duration of extension will be reduced based upon the amount available as the cash value, after deducting the indebtedness, used as a single premium for the purchase of time insurance in agreement with the Mortality Table and interest rate used in the valuation of this Policy."

"Any indebtedness to the company including loans and interest accumulation, and any balance of the current Policy year's premium remaining unpaid, will be deducted in any settlement of this Policy or any benefit thereunder."

The premium note was dated July 1, 1934, was for the sum of $13.30 payable to the order of appellant, with interest from date at 6 per cent. per annum, and being in payment of quarterly premiums due July 1, 1934, and note due June 1, 1934, with interest due July 1, 1934, on policy No. 100231, issued by said company on the life of Leo Scott, said note also containing the following provisions:

(1) "This note shall constitute a loan against said policy and the policy is assigned as the sole security therefor. It is agreed that the company, at my request, waives its right to require the deposit of the policy with the Company and/or the endorsement of this lien upon the same, without prejudice, however, to rights which the company would otherwise have under the provisions of the policy for this agreement."

(2) "That the nonpayment of this note and/or interest thereon shall not void the policy except in accordance with the terms of said policy."

(3) "That if any premium on said policy is not paid when due, then at the expiration of the period of grace for the payment of said premiums, this note, together with the interest, shall be paid by deducting the amount due thereon, together with any other indebtedness on said policy, from the sum which, by the terms of said policy, is applicable to the purchase of extended

372

insurance in the event of nonpayment of premiums when due, and the balance only of said sum, if any, shall be applied to the purchase of extended insurance."

(4) "That in the settlement of any claim, or any benefit, or any surrender value under said policy, before this obligation shall have been fully paid, the amount of this note shall be deducted in accordance with the terms of the policy."

█ From the above-quoted provisions of the policy and the note, it is clear that appellant was within its rights in deducting the amount of the note from the amount of the cash value of the policy, provided it had a right to make such a contract as was embodied in the terms of the note, subsequent to the issuance of the policy. The Supreme Court, through its Commission of Appeals, has recently passed on this question. Pacific Mutual Life Insurance Company of California v. Thurman, 89 S.W.(2d) 202, 203. In that case the policy contained provisions almost identical with the provisions of the present policy, and the note contained a provision that it should be considered an indebtedness on and secured by the policy. The court held that the insurance company had a right to charge the note against the reserve of the policy, and thereby reducing the amount available to purchase extended insurance. The decision in that case is decisive of the issue involved here. It necessarily follows that this question must be decided adversely to appellee's contention.

· The trial court did not have the benefit of the opinion in the Thurman Case, as that case has been decided by the Commission of Appeals since this case was tried in the District Court. He probably relied on the case of Amicable Life Insurance Company v: White (Tex.Civ.App.) 38 S.W.(2d) 860 (error denied). The White Case is discussed in the opinion in the Thurman Case, and we quote the following from that opinion: "In Amicable Life Ins. Co. v. White (Tex.Civ.App.) 38 S.W.(2d) 860, cited by the court in support of its holding, the premium note did not provide that it should constitute an indebtedness on the policy and be secured thereby. Furthermore, the decision in the White Case is predicated upon the proposition that article 4732, R.S.1925, which provides that the policy and application shall constitute the entire contract between the parties, renders ineffective the provision of the note making it an indebtedness on the policy. The provision referred to is part of an agreement made subsequent to the issuance of the policy, and neither the provision of article 4732, R.S.1925, nor the similar provision of article 4953 (now 5050), Rev.St.1911, both of which require the policy to contain the entire contract between the parties, has application thereto. State Mutual Life Ins. Co. v. Rosenberry (Tex.Com.App.) 213 S.W. 242; Southland Life Ins. Co. v. Hopkins (Tex. Com.App.) 244 S.W. 989, 992."

It is evident from the above that the White Case can not be considered as authority for appellee's contention.

█ Appellee insisted that the policy sued on is susceptible of two constructions, and that as under one construction appellee would be entitled to recover and under the other she would not be entitled to recover, the construction most favorable to her contention should be adopted by the court. By examining the provisions of the policy involved, we find no ambiguity or difficulty of construction. When all of the applicable provisions of the policy and the note are considered together and the language used therein is given its generally accepted meaning, the proper construction is clear. When effect is given to all of these provisions, the constructions placed on them by appellant is the logical deduction from the language used. Consequently the rule of construction in the case of ambiguity has no application. International Travelers' Ass'n v. Yates (Tex.Com. App.) 29 S.W.(2d) 980; Hearin v. Standard Life Ins. Co. (D.C.) 8 F.(2d) 202.

█ Appellee also insists that appellant, by its acts and conduct, waived its right to charge the note against the cash value of the policy and thereby reduced the amount available to purchase extended insurance. This contention cannot be sustained. After the grace period expired, appellant sent the insured a notice stating that the policy had lapsed for nonpayment of the premium due November 1st. This notice was followed in a short time by another notice, and a few days later a third one was sent. The notices sent out urged the insured to take the necessary steps to have his policy reinstated. One of the notices informed him that if the policy was restored the outstanding note could be carried against the policy. This was a conditional offer to carry the note, and, as the condition was not complied with, the offer

did not constitute a waiver. Miller v. Deahl (Tex.Civ.App.) 239 S.W. 679, 686. The contention is also made that, as appellant kept the note in his possession and did not mark it paid, it thereby waived its right to charge the note against the cash value of the policy. We think this position untenable. Notations were made on the policy record kept by the company, showing the lapse of the policy, the charging of the amount of the note against the cash value of the policy, and setting up the amount left available for the purchase of extended insurance. No effort was ever made to collect the note. The insured never did make demand for the surrender of the note. Under these circumstances, the fact that the note remained in the hands of the appellant, and was not marked paid, did not constitute a waiver by appellant of its rights under the policy. New York Life Insurance Company v. Warren Deposit Bank (Ky.) 75 S.W. 234; New York Life Insurance Company v. Evans, 136 Ky. 391, 124 S.W. 376; Morgan v. Home Insurance Company, 216 Ky. 589, 288 S.W. 321.

For the error pointed out herein, the judgment of the trial court is reversed, and judgment is here rendered for appellant.