

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

AUSTIN 11, TEXAS

ATTORNEY GENERAL

Honorable King Fike
County Attorney
Hartley County
Dalhart, Texas

Dear Sir:

OpinionNo. O-3315
Re: Construction of Arts. 7328 and
7298, V.A.C.S.

We are in receipt of your letter of March 19, 1941 in which you request the opinion of this department as to the proper construction of Articles 7298 and 7329 of Vernon's Annotated Civil Statutes. Such a construction is necessary in order to determine whether or not the collection of delinquent school district taxes is barred after ten years. It also requires a consideration of whether or not Article 7298 is a limitation statute or is rather one which forbids the bringing of any suit for the collection of delinquent school district taxes later than ten years after the same had become delinquent. Article 7298 was originally enacted in 1895 and read as follows:

"No delinquent taxpayer shall have the right to plead in any court or in any manner rely upon any Statute of Limitation by way of defense against the payment of any taxes due from him or her either to the State or any county, city or town."

Article 7329 was enacted in 1923 and reads as follows:

"There shall be no defense to a suit for collection of delinquent taxes, as provided for in this chapter except:

"1. That the defendant was not the owner of the land at the time the suit was filed.

"2. That the taxes sued for have been paid, or

"3. That the taxes sued for are in excess of the limit allowed by law, but this defense shall apply only to such excess. Acts 2nd C.S. 1923, p. 36."

The above quoted Articles qere considered in reference to delinquent school district taxes by the Commission of Appeals of Texas in the case of Hereford Independent School District v. Jones, 23 S.W. (2d) 690. In that case the defendant owed the independent school district delinquent taxes for the years 1918, 1921 and 1924. The contention was made that the Statute

of Limitation could not be urged because of Article 7298, supra. The Court answered this as follows:

"It is urged that the provisions of article 7298, R.S. 1925, operated to prevent the plea of limitation from being available in a suit for the recovery of the taxes by a school district. This article reads as follows: 'No delinquent tax payer shall have the right to plead in any court, or in any manner rely upon any statute of limitation by way of defense against the payment of any taxes due from him or her either to the State, or any county, city or town.'

"The application of the above statute is expressly limited to suits to collect taxes due the state, county, city, or town, and is not in our opinion, applicable to taxes due to school districts. This being the only statute which we think can be urged as having the effect of preventing the operation of the statute of limitation as to the taxes due for the years 1918 and 1921, we are compelled to hold that the recovery of such taxes by the school district was barred; hence the trial court properly sustained an exception to the petition seeking a recovery therefor."

Therefore, the court held that Article 7298 did not apply to school district taxes. The court held, however, that the taxes for the year 1924 had not been barred because of Article 7329, supra, which article set out the only defense that could be plead in a tax suit and which Article the court held was applicable to school district tax suits.

Also, the Supreme Court of Texas in the case of State v. Glenn, 13 S.W. (2d) 337, held that the two year Statute of Limitation applied to delinquent tax suits brought by certain dypes of districts to which Article 7239 did not apply. Therefore, in 1929 the Legislature by Senate Bill 169 amended Article 7298 and the same read as follows:

"Section 1. That Article 7298, Revised Civil Statutes of 1925 be, and the same is, hereby amended to read as follows:

"That no delinquent tax payer shall have the right to plead in any court or in any manner rely upon any statute of limitation by way of defense against the payment of taxes due from him or her to the State, or any county, city, town, navigation district, drainage district, road district, levee district, reclamation district, irrigation district, improvement district, school district, and all other districts. Provided that no suit shall be brought for the collection of delinquent taxes of a school district or road district unless instituted within six years from the time the same shall become delinquent.

"Sec. 2. Whereas, there is now no law in this State to prevent delinquent tax payers from setting up this statute of limitation as a defense against the payment of taxes due from him or her whether to the State, or any county, city, town or district, and the further fact that the Supreme Court, in the case of State for Dallas County Bois D'Arc Island Levee District vs. Glenn, 13 S.W., Second Edition, page 337, has held that the two year statute of

limitation applies to delinquent taxes due to districts, thus preventing hundreds of districts in this State from the collection of delinquent taxes, and to avoid the filing of a multiplicity of suits by the authorities against delinquent tax payers in order to prevent the bar of limitation being set up against them, and the further fact that hundreds of districts throught Texas are affected thereby and will lose large amounts of delinquent taxes, therefore an emergency exists and an imperative public necessity requiring . . . " etc.

In 1931 the Legislature amended the above quoted article and substituted the words "ten years" in place of the words "six years" in the Act quoted.

By way of summary, therefore, it is apparent that Article 7298 as the same now reads and the proviso contained therein with reference to school district taxes is the more recent enactment as well as the one covering the specific subject under discussion, and if the same is in any way in conflict with Article 7329, Article 7298 in our opinion is controlling, and we believe that if suit is brought for the collection of delinquent school district taxes, a taxpayer may plead as a defense the limitations as set out in Article 7298, supra.

The question is also raised as to whether or not the proviso contained in Article 7298 "that no suit shall be brought for the collection of delinquent taxes of a school district or road district unless instituted within ten years from the time the same shall become delinquent," is a statute which prohibits the institution of a suit for the collection of delinquent school district taxes more than ten years old, which would in fact operate as a release or remission of all such taxes, or whether the same is in fact a statute of limitation which must be pleaded in order to be a bar or a defense to a recovery of the same. It is our opinion that the above quoted proviso is merely a statute of limitation. In the first place, the provisé is an exception to the rest of the statute which provides that no delinquent taxpayer shall have the right to plead or rely on any statute of limitation. We also call your attention to the caption of the Act enacted in 1929 which reads in part as follows: "prescribing a limitation of time when suits may be brought for taxes of school districts and road districts."

It is significant that nearly all the Texas statutes of limitation of personal actions are worded so as to provide that suit may be brought within a certain period of time and not thereafter. See Articles 5524 through Article 5546 of the Revised Civil Statutes. Such statutes, however, have always been construed to operate merely as statutes of limitation which must be specifically plead in order to operate as a bar or a defense to a suit brought later than within the period prescribed in the statute. The term "limitation " was defined by the Commission of Appeals of Texas in the case of American National Insurance Company v. Hicks, 35 S.". (2d) 128. The Court stated as follows:

". . . The term 'limitation' has been defined to mean the time at the end
of which no action at law or suit in equity can be maintained. 37 C. J. 684,
par. 1. Statutes of limitation do not confer any right of action, but are
enacted to restrict the period within which the right, otherwise unlimited,
might be asserted.' Riddlesberger v. Hartford F. Ins. Co. 7 Wall. 386, 19
L. Ed. 257." (Underscoring ours).

The Beaumont Court of Civil Appeals passed on a question similar to
the one under consideration herein in the case of Chapman v. Tyler County, 259
S. W. 301, writ of error refused by the Supreme Court in a memorandum opinion
reported in 278 S.W. 1115. The Court stated as follows:

"Article 464, Revised Civil Statutes, provides:

"The action upon the claim so rejected must be brought within six months after
such service.'

"This is a statute of limitation and must be pleaded affirmatively in order to
constitute a defense. 17 R.C. L. 984; Green v. McCord, 204 Ala. 364, 85 South.
752; Stanley v. Green, 205 Ala. 225, 87 South. 356; Sharrow v. Inland Lines,
214 N. Y. 101, 108 N. E. 217, L.R.A. 1915E, 1192, and note, Ann. Cas. 1916D,
1236; Chapman v. Mooney, 257 S.W. 1106, an opinion by this court."

The same rule of law was announced by the Commission of Appeals in
the case of State Banking Board v. Pilcher, 270 S.W. 1004. The Court stated as
follows:

". . . The issues before this court are, first, as to the correctness of the
action of the trial court in refusing to sustain defendant's general demurrer
because the petition failed to affirmatively show that the claim of plaintiff
was presented within 90 days, as provided in article 463 of the Revised Civil
Statutes, and that the action upon the claim was brought within 6 months after
service of notice, as provided in article 464 of the Revised Civil Statutes;
. . .

"The Supreme Court, in refusing a writ of error in Chapman v. Tyler County (Tex.
Civ. App.) 259 S.W. 301, held that statutes like said article 463 are statutes
of limitation, and must be affirmatively plead by the defendant in order to
constitute a defense, and therefore, of course, the petition of plaintiff was
good as against a general demurrer."

The general principle applicable was laid down by the Eastland Court
of Civil Appeals in the case of Edwards Mfg. Co. v. Southern Surety Co., 283 S.
W. 624. The Court stated as follows:

"The first contention, that a statute creating a right and prescribing a time
within which the right may be asserted is not a statute of limitation, does not
obtain in this state. De Harn v. Railway Co., 23 S.W. 281, 86 Tex. 68; Chap-
man v. Mooney (Tex. Civ. App.) 237 S.W. 1109; Chapman v. Tyler County (Tex. Civ.
App.) 259 S.W. 303; State Board v. Pilcher (Tex. Com. App.) 270 S.W. 1005.

"It is not the rule in many other jurisdictions. Sharrow v. Inland Lines, 108 N. E. 217, 214 N. Y. 101, L. R.A. 1914E, 1192, note Ann. Cas. 1918D, p. 1236.

"In the cases cited above, the statutes creating a cause of action for injuries resulting in death, and limiting the time within which to sue, was held to be a statute of limitation, although the cause of action was created by the Legislature and did not exist at common law. In the other cases referred to the Supreme Court held that the statute prescribing the time within which to present claims against the guaranty fund was a statute of limitation, and must be pleaded, although, of course, such a right was unheard of at common law.

"Subject to the limitation set forth in Erp v. Tillman, 131 S.W. 1057, 103 Tex. 575, all statutes prescribing a time in which suit may be brought have, so far as our investigation discloses, been treated in this state as statutes of limitation." (Underscoring ours)

It is our opinion that the statute under consideration which provides that no suit shall be brought after ten years is in the same category as the statutes discussed in the above quoted cases wherein it is provided that suits may be brought within a certain period of time and not thereafter. Such statutes have always been construed in this State to be statutes of limitation which must be specifically pleaded as a defense. In line with the above reasoning, this department ruled in Opinion No. 0-103 as follows:

"It is our opinion that this provision in Article 7298 is a ten year statute of limitation on collection of delinquent taxes due a school district or a road district. In order to take advantage of the limitation period the tax payer would have to specially plead and set up his rights under this ten year statute. In the absence of such special pleadings, by the tax payer, the attorney bringing the tax suit could take judgment for the school and road tax, delinquent ten years prior to the date the suit was filed, even though the other taxes had been paid."

We subsequently ruled in Opinion No. 0-1458 that a tax collector who collected money for school district taxes which were more than ten years delinquent could not return the money so collected to the taxpayer because Article 7298 did not operate to extinguish the debt, but rather such article was a statute of limitation which had to be specially pleaded.

In line with the above-quoted decisions and opinions of this department, we conclude that suits may be brought for the collection of school district taxes which are delinquent for more than ten years but that the taxpayer may affirmatively plead Article 7298 as a bar or defense to the recovery in such suits.

BG:LM:egw
APPROVED APR 10, 1941
/s/ GROVER SELLERS
FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Billy Goldberg
Assistant