## WALDRIP et al. v. LAWYERS LLOYDS OF TEXAS.

### No. 11556.

Court of Civil Appeals of Texas. Galveston.
July 29, 1943.

Rehearing Denied Sept. 30, 1943.

Bert H. Tunks, of Houston, for appellants.

Currie McCutcheon, of Dallas, for appellee.

GRAVES, Justice.

This is a suit on a taxicab bond. The appellants had a judgment against the owner of the taxicab for damages caused by the operation of the cab, and sought in the suit to recover from the surety on the bond. A jury was waived, and the case submitted to the court upon an agreed statement of facts. The trial court concluded, as a matter of law, that the bond sued on did not impose liability upon appellee for the accident out of which appellants' injuries grew, and entered judgment for appellee. Appellants, plaintiffs below, have duly perfected an appeal.

What is thought to be a fair resume of the facts so agreed upon below is this:

The accident involved in this suit did not occur in the City of Goose Creek, but occurred on the 11th day of July, 1939, from a mile and a half to two and one-half miles outside of the incorporated limits of the City of Goose Creek, Texas. The City of Goose Creek is now, and on the occasion involved herein and long prior thereto was, a municipal corporation duly incorporated under what is known as the Home Rule Enactment. The accident happened between the cities of Baytown and Pelly. The taxicab at the time of the accident was on its way toward the City of Goose Creek. It was coming from Baytown towards Pelly. Lawyers Lloyds of Texas only received $8.45 for making the instant bond.

Lawyers Lloyds of Texas was licensed by the Board of Insurance Commissioners of the State of Texas under the Lloyds Plan to write fidelity and surety bonds. The organization and license was originally granted on the 15th day of February, 1938, and as permitted by law was renewed each year thereafter, and it was licensed for no other purpose than to write, execute, and deliver fidelity and surety bonds.

The taxicab was not driven by Ruth Porter on the occasion in question, but by her chauffeur or agent.

The trial court in so entering its judgment made this recitation in the decree: "The court, after hearing the stipulations of the parties as to the facts of the case and the arguments of counsel as to the law, is of the opinion and concludes, as a matter of law, that the liability of the defendant, Lawyers' Lloyds of Texas, under the written instrument upon which this suit is based, is limited to judgment obtained for injuries occasioned by the operation over the streets of the City of Goose Creek, Texas, of the taxicab described in the said instrument, and that the said defendant is not liable to these plaintiffs for the reason

that the injuries for which they obtained the judgment here sued on were sustained in a collision which occurred outside the city limits of the City of Goose Creek, Texas."

In this court, the appellants thus state their single point of error: "The trial court erred in concluding, as a matter of law, that the liability of the appellee, under the terms of the bond sued on, was limited to those accidents which occurred within the city limits of Goose Creek, Texas," citing in support thereof these authorities: Fidelity & Deposit Co. v. Central State Bank, Tex.Civ.App., 12 S.W. 2d 611; Magnolia Pet. Co. v. Connellee, Tex.Com.App., 11 S.W.2d 158; Pierce-Fordyce Oil Ass'n v. Warner, Tex.Civ. App., 187 S.W. 516; Potomac Ins. Co. v. Easley, Tex.Com.App., 1 S.W.2d 263; Shade v. Anderson, Tex.Civ.App., 36 S.W. 2d 1041; Southern Surety v. Austin, Tex. Com.App., 17 S.W.2d 774; Watkins v. Minter, 107 Tex. 428, 180 S.W. 227; Western Ind. Co. v. Murray, Tex.Com.App., 237 S.W. 1109.

The appellee, in turn, asserts the correctness of the trial court's stated conclusions of law upon these detailed considerations:

"(a) The bond sued upon on its face showed that it covered only a loss which occurred in territory within the city limits of the City of Goose Creek.

"(b) The bond sued upon was not subject to two constructions and therefore should be read from its four corners.

"(c) The bond sued upon showed on its face and the record that it was only intended to cover losses that occurred within the territorial limits of the City of Goose Creek and not outside.

"(d) The City of Goose Creek did not have the authority to pass an ordinance nor require a bond to cover losses for a taxicab accident in territory beyond the city limits of the City of Goose Creek.

"(e) The bond sued upon was executed and filed as a bond required under the ordinances of the City of Goose Creek. It was approved as to form by its City Attorney. The law presumes that what the governing and legislative body of the city did was legal. The city required the instant bond. The presumption is that it did not require an illegal bond by requiring a bond to cover more territory than it had legal authority to require."

It cites in support of its answering position these cases and texts: Amicable Life Ins. Co. v. Scott, Tex.Civ.App., 101 S.W.2d 370; City of Providence v. Victor Laurence, 44 R.I. 246, 116 A. 664, 22 A.L.R. 888; Foster v. North Am. Acc. Ins. Co., Tex.Civ.App., 86 S.W.2d 476; Hemphill v. Romano, Tex.Civ.App., 233 S.W. 125; Huff v. Southwestern Life Ins. Co., Tex. Civ.App., 95 S.W.2d 498; Indiana & Ohio Live Stock Ins. Co. v. Krenek, Tex.Civ. App. 144 S.W. 1181; International Travelers' Ass'n v. Yates, Tex.Com.App., 29 S. W.2d 980; Interstate Casualty Co. v. Martin, Tex.Civ.App., 234 S.W. 710; Metropolitan Life Ins. Co. v. Wilson, Tex.Civ. App., 102 S.W.2d 454; National Mut. Cas. Co. v. Lowery, 136 Tex. 188, 148 S.W.2d 1089; Republic Ins. Co. v. Fulbright Ind. School Dist., Tex.Civ.App., 125 S.W.2d 1052; Salitrero v. Maryland Cas. Co., Tex. Civ.App., 109 S.W.2d 260; Scanlan v. Home Ins. Co., Tex.Civ.App., 79 S.W.2d 186; United States Fidelity & Guaranty Co. v. Baldwin Motor Co., Tex.Com.App., 34 S.W.2d 815; United States Fire Ins. Co. v. Rothwell, Tex.Com.App., 60 S.W.2d 759; 42 C.J., page 717, Sec. 169; 42 C.J., page 679, Sec. 107, Subsection 3.

This court agrees with the trial court and affirms its judgment; indeed, the sole question presented seems to have been foreclosed by the last-cited authorities in favor of the trial court's holding on states of fact not in legal effect differing from those agreed upon here. The Goose Creek city ordinance only required the bond for taxicabs operated within its limits and on its streets, the owner of the taxicab desiring to operate it under that ordinance complied with it by having the appellee, as a surety only, execute the bond in suit, which was filed as required by that ordinance; it is undisputed that the appellee did not write insurance policies of any sort, but only a surety bond, its charter powers being limited to obligations of that specific character, and the city attorney of Goose Creek approved the form of this one as being of that character; it further seems clear, from the facts as a whole, that the intendment of the parties to that bond was that the taxicab was to operate over the streets of the City of Goose Creek and to obligate the appellee for the payment of final judgments for damages on account of injury "occasioned by the operation of the above described taxicab"; that is, when such use of it was "to operate over the streets of the City of Goose Creek."

If these conclusions be sound, as they are thought to be, then the rationale under appellants' claim for error, to wit, that the effect of the trial court's judgment was to make a new contract for the parties, disappears; at any rate, it is believed that the authorities cited by the appellee, especially the Martin case and the City of Providence case, supra, conclude the controversy in the appellee's favor.

These conclusions require an affirmance of the judgment; it will be so ordered.

Affirmed.