JOHN T. BYRNE, PROSECUTOR, v. THE CITY OF WILD-WOOD, IN THE COUNTY OF CAPE MAY, AND JOHN HARRIS, RESPONDENTS.

Argued November 3, 1920—Decided January 3, 1921.

The governing body of a municipality may employ special counsel to defend litigation for the city, but may not under that guise take out of the hands of the city counsel any particular case or class of cases and confide their management to others.

On *certiorari.*

Before Justices SWAYZE, PARKER and BLACK.

For the prosecutor, *Clarence L. Cole.*

*Pro se, John Harris.*

The opinion of the court was delivered by

SWAYZE, J. The question involved is the right of the commission of Wildwood to employ special counsel in litigation. By the resolution fixing his salary, the city solicitor is required to draw all ordinances and contracts or pass upon the same before action is taken thereon and give such legal advice as may be required by the board of commissioners. The rule that governs the present case is that established by the Court of Errors and Appeals in *State, Hoxsey,* v. *Paterson,* 39 *N. J. L.* 72. This justifies the employment of associate counsel in defending suits in which the city is interested, but does not allow the city commission under the

guise of such employment to withdraw and take out of the hands of the city counsel any particular case or classes of cases and to confide their management to others.

The resolution now under review was that John Harris be employed to defend certain writs of *certiorari* for the city. This seems to be limited to the writs of *certiorari* specified and is work not covered by the resolution fixing the salary of the city counsel. We think the employment of Harris was within the powers of the city commission.

Let the writ be dismissed, with costs.