HARRY V. OSBORNE, RELATOR, v. VINCENT J. MURPHY, AS DIRECTOR OF REVENUE AND FINANCE OF THE CITY OF NEWARK, RESPONDENT.

JOHN E. TOOLAN, RELATOR, v. VINCENT J. MURPHY, AS DIRECTOR OF REVENUE AND FINANCE OF THE CITY OF NEWARK, RESPONDENT.

Argued October 7. 1937—Decided October 20, 1937.

Before Justices Bodine, Heher and Perskie.

For the relators, *Osborne, Cornish & Scheck* (*Emanuel P. Scheck* and *Abner Brodie,* of counsel).

For the respondent, *Thomas L. Parsonnet.*

The opinion of the court was delivered by

Perskie, J.   By stipulation of counsel for the respective parties, the above captioned causes, embracing a common issue, have been consolidated.   From the stipulated facts it appears that each cause is before us on the return of a rule to show cause why a peremptory or alternative writ of *mandamus* should not issue compelling respondent to sign and deliver to each relator a $10,000 check pursuant to a resolution adopted on July 14th, 1937, by the board of commissioners of the city of Newark.

We learn that in pursuance of *Pamph. L.* 1907, *ch.* 3, *p.* 12 (as amended and supplemented) a summary investigation into the affairs of the city of Newark was ordered by Mr. Justice Parker on October 17th, 1936.   On October 28th, 1936, relators were appointed as special counsel for the city of Newark and its officials to represent them during that investigation.   The appointment was effected by a resolution regularly passed by a majority of the board of commissioners of the city of Newark.   It is manifest that the relators' employment was not a mere guise to deprive corporate counsel of his right to represent the municipality and its officials. *Cf. Byrne* v. *Wildwood,* 95 *N. J. L.* 287; 112 *Atl. Rep.* 305. As a matter of fact relators' appointment followed the recommendation of corporate counsel to the commissioners that special counsel be employed.

That the relators rendered services is not disputed.   That *the amount of the fee sought to be collected is reasonable,* was conceded by counsel for respondent on the argument at the bar of this court.   The right, however, of the municipality to employ special counsel, under the circumstances here exhibited, is challenged.   We think that right is clear both

by virtue of the decided cases (*State, Hoxsey, Pros.,* v. *City of Paterson,* 40 *N. J. L.* 186; *Byrne* v. *Wildwood, supra; Stout* v. *Bayonne,* 15 *N. J. Mis. R.* 762); and by virtue of *Pamph. L.* 1930, *ch.* 166, *p.* 594, wherein it is provided, *inter alia,* that whenever an investigation is made pursuant to *Pamph. L.* 1907, *supra,* "the municipal attorney, counsel *or other legal representative* of said municipality shall have the right to appear at said investigation * * *; provided, the legislative body of the municipality shall pass a resolution designating and directing its attorney, counsel, or *other legal representative it may choose* to appear and act as aforesaid." (Italics supplied.)

The commissioners, under the exigencies of the case, chose relators as their legal representatives to appear and act for the municipality, and for them. The relators have performed their part of the undertaking; they are clearly entitled to be paid for their services.

Accordingly a peremptory writ of *mandamus* will issue in each cause, but without costs.