In the Matter of CURTISS E. FRANK, as Chairman of a Committee of the Common Council of the City of Yonkers, Petitioner, against JOHN J. BALOG, a Witness, Respondent.

In the Matter of CURTISS E. FRANK, as Chairman of a Committee of the Common Council of the City of Yonkers, Petitioner, against ADA CHAMBERLAIN, a Witness, Respondent.

Supreme Court, Special Term, Westchester County, June 7, 1947.

*Sol Gelb* for petitioner.

*Frank J. Hand* for John J. Balog, respondent.

*Morris L. Rosenwasser* for Ada Chamberlain, respondent.

BAILEY, J. Petitioner as Chairman of a Committee of the Common Council of the City of Yonkers seeks the issuance of a warrant of attachment to the Sheriff of Westchester County to apprehend respondents and produce them before the committee which is conducting an inquiry into certain matters pertaining to the affairs of the city. The respondents have each been served with subpœnas issued by the chairman of the committee but question the authority of the Common Council and its chairman to issue the subpœnas and upon advice of counsel refused to attend at said inquiry in obedience thereof.

It is the contention of each respondent that such subpœnas in order to compel attendance should have been issued in accordance with the provisions of section 7 of the General City Law, namely, by application of the chairman of the committee to a justice of the Supreme Court, the County Judge of the county or to the recorder of the city in which the inquiry or investigation is being conducted.

The authority to issue the subpœnas questioned in this proceeding is derived from section 8 of article XVI of the Supplemental Charter of the City of Yonkers and section 406 of the Civil Practice Act. The provisions of the Supplemental Charter authorize "The Common Council * * * or committee authorized by * * * them, * * * to inquire into the conduct of any department, office or officer of the city and to make investigations as to municipal affairs, and for that purpose may subpœna witnesses, administer oaths, and compel the production of books, papers and other evidence." The provisions of section 406 of the Civil Practice Act expressly authorize the chairman of such a committee to issue a subpœna.

The procedure for the conduct of an inquiry into city affairs, attendance of witnesses and the issuance of subpœnas in furtherance thereof as contained in the General City Law and relied upon by respondents is applicable where express statutory authority does not otherwise exist for such procedure. The Common Council of the City of Yonkers or an authorized committee is specifically vested with power by statute through the medium of its Supplemental Charter to subpœna witnesses; and section 406 of the Civil Practice Act provides that such subpœna may be issued by the chairman of such committee.

A similar objection was made to the issuance of a subpœna by the special committee designated by the City Council of the City of New York to inquire into the management of the Lincoln Hospital; authority of that committee through its chairman to issue a subpœna was approved by the court. (*Matter of City Council of N. Y.* [*Lincoln Hospital*], 174 Misc. 389, affd. 259 App. Div. 883, revd. on other grounds 284 N. Y. 296.)

Respondents recognize the foregoing authority and that the courts have approved the procedure adopted but argue that the Charter of the City of New York is broader and a much more comprehensive document than the Charter of the City of Yonkers. It is also argued on behalf of respondents that the procedure pursuant to section 406 of the Civil Practice Act to compel obedience to the subpœna is not available by reason of section 407 of the Civil Practice Act.

As to the authority under the Supplemental Charter here under consideration its language is sufficiently broad to justify the same interpretation as that given to the Charter of the City of New York. Such right to issue a subpœna as well as the approval of the procedure to compel its obedience was annunciated in *Matter of Herlands* v. *Surpless,* 171 Misc. 914, affd. 258 App. Div. 275, affd. 282 N. Y. 647) where in a proceeding to vacate or modify a subpœna the court at Special Term said (p. 920): "The power to issue the subpœna here under consideration resides in the council. It is not for the court to tell the council how that power should be exercised." In affirmance of the procedure here adopted to require the attendance of a witness the same opinion held that whether the council applied to a court for a subpœna or whether it was issued pursuant to the charter, it must eventually apply to the court to enforce its obedience pursuant to the provisions of section 406 of the Civil Practice Act.

The respondent Balog in this proceeding also urges that the authority to subpœna witnesses is confined to employees of the

city and, not falling within that classification, his right to privacy or freedom may not be disturbed. The scope of the charter in respect to investigations is broad. The Common Council is a legislative body vested with authority by statute to enact laws and in furtherance of that power " to make investigations as to municipal affairs ". Municipal affairs include conditions affecting every department and the entire population of the city, not alone employees. In order to obtain facts to enable it to legislate for all of its citizens, the Common Council should not be restricted in the use of a subpœna to municipal employees. No such limitation can be found in the section under consideration which provides that it " may subpœna witnesses ".

The right to investigate for the purpose of enacting laws implies the right to obtain information upon any matter which may become the subject of a law. (*Briggs* v. *Mackellar*, 2 Abb. Prac. 30; *People ex rel. Karlin* v. *Culkin*, 248 N. Y. 465.) If the right exists to obtain information upon any matter, by the same process of reasoning the right exists to obtain information from any witness subject to certain statutory and legal limitations. In the absence of such limitations it is my opinion that the section is broad enough to apply to the respondent Balog.

The court is not empowered to consider the reasonableness nor the subject matter of the investigation. Nor may it pass judgment upon the wisdom of a legislative act. The members of the council exercising their powers in the conduct of this investigation are proceeding as administrative officers in the performance of administrative functions; the courts are given no power to review their exercise of such functions. (*Matter of Hirshfield* v. *Craig*, 239 N. Y. 98.) Neither may the court indulge in conjecture as to the purposes or motives of the Common Council as advanced in the argument on behalf of respondents in opposing this application. It will be assumed that they are discharging all of their duties, including the conduct of this inquiry, for the welfare of the entire community and to promote the best interests of all of its citizens.

The application in each of these proceedings will be granted unless respondents appear and testify within ten days.