In the Matter of HARRY KRAUSS, Petitioner. JOSEPH P. VACCARELLA, as Mayor of the City of Mount Vernon, Respondent.

Supreme Court, Special Term, Westchester County, November 5, 1954.

*Harry Krauss,* petitioner in person.

*Harry Zimmerman, Corporation Counsel,* for respondent.

EAGER, J. This is an application to vacate and quash a subpœna subscribed by the Mayor of the City of Mount Vernon and served upon petitioner, who is a member of the common council of said city. The subpœna requires the latter to appear " to testify and give evidence in a certain proceeding and investigation which I, as Mayor, have ordered, to inquire into the performance by Mount Vernon Contracting Company of its contract with the City of Mount Vernon for laying and relaying bluestone flagwalk and cement concrete sidewalk in the City of Mount Vernon, N. Y."

It appears that the common council of the city had determined to investigate or look into the matter of sidewalk repairs performed for the city by a certain contracting firm. Thereupon and on June 16, 1954, the petitioner wrote the corporation counsel of the city, requesting the preparation of an ordinance for the making, under the direction of the department of public works, of tests of completed sidewalk work by boring or by raising of slabs. In this letter, the petitioner did write that " certain information has reached the Council that the sidewalk work let out by the City had not been performed in accordance with required specifications. This Board is presently without knowledge as to the accuracy of such information, but its source is sufficiently alarming to warrant investigation." A copy of the letter was sent to the respondent Mayor. The Mayor claims that his investigation into the same subject, prompting the subpœna in question, was initiated and undertaken as a result of this letter. The petitioner, however, avers in his affidavit that any information he has is hearsay, and that he has no personal knowledge of anything pertinent to the sidewalk repairs.

The court has concluded that the application to vacate the subpœna should be granted. The Mayor and the common council of a city having a charter form of government represent independent branches of the city government. The powers of each are generally to be exercised in a manner not to interfere with the powers of the other. Therefore, in the absence of unequivocal legislation so providing, the Mayor of a city would not have the power to quiz the members of the legislative body

in connection with a pending matter lawfully receiving the attention of such body. In the opinion of the court, section 66 of the city charter relied upon by the respondent does not authorize the Mayor of this city to subpœna and examine a member of the common council in connection with an investigation unrelated to the books, papers, accounts or acts of such member. There being no specific authority for the issuance of the particular subpœna by the Mayor directed to the petitioner, it should be vacated.

In any event, assuming *arguendo* that the Mayor had power in the premises to issue the subpœna in question, the petitioner's application to vacate it would, nevertheless, be granted. It appears that the proceeding by the Mayor to investigate into the sidewalk repairs was initiated sometime after the common council had determined in good faith to investigate into the very same matter. The common council was given express authority by charter provision to carry on such an investigation. The Mayor should not be permitted to do anything which could reasonably have the effect of impeding the council in the performance of its duty to investigate or of frustrating its proposed investigation; and the examination by the Mayor of the members of the common council, with the public elicitation of such information as may have been acquired by them, could very well have this effect. Certainly, there must be a clear showing of impelling reasons to permit one investigating body to subpœna and quiz the members of another independent investigating body as to the plans, information at hand, and efforts of the latter. (See *Matter of Herlands* v. *Surpless,* 258 App. Div. 275, affd. 282 N. Y. 647). There is no such showing here.

Submit order on notice vacating the subpœna.