In the Matter of HARRY KRAUSS, Respondent. JOSEPH P. VACCARELLA, as Mayor of the City of Mount Vernon, Appellant.— Appeal by the Mayor of the City of Mount Vernon from an order granting the motion of respondent, who is a member of the common council of said city, to vacate and quash a subpœna which had been issued by the appellant and served upon respondent, requiring the latter to appear as a witness in an investigation being conducted by the appellant into the performance by a certain corporation of its contract with said city for the laying and relaying of flagwalks and sidewalks therein. Order reversed on the law and the facts, without costs, and motion denied, without costs. Appellant had power to conduct the investigation and issue the subpœna, by virtue of section 66 of the charter of the City of Mount Vernon in that the section, in giving him investigative powers, also states that he may issue subpœnas to witnesses and administer oaths to them "in all cases relating to the affairs of the city and its officers and employees". The fact that the council of the city has similar investigative and subpœna power under section 50 of the said charter is not inimical to this holding. (Cf. *Matter of Herlands* v. *Surpless*, 171 Misc. 914, affd. 258 App. Div. 275, affd. 282 N. Y. 647, and *Matter of Hertle* [*Ahearn*], 120 App. Div. 717, affd. 190 N. Y. 531.) The said provision in section 66 has been a part of the said charter since its adoption in 1922 (L. 1922, ch. 490). However, its counterpart in section 50 was not added to the charter until 1935 (Local Laws, 1935, No. 3 of City of Mount Vernon). It appears, therefore, that the council did not have the power to examine into "public affairs of the city" between the times of the adoption of the charter and the 1935 amendment of section 50, and it would be unreasonable to hold that such power did not lie at least in the Mayor during that period of time, in view of the verbiage quoted above from section 66, despite contentions to the contrary based on the particular arrangement of the wording of the section. Since appellant had the stated power the court will not question his decision to exercise it, or his motive and good faith, and will not interfere with his action unless it appears that an infringement of rights or a legal wrong was threatened, or that it was inevitable or obvious that the examination would be futile so far as uncovering anything legitimate is concerned. (*Matter of Hirshfield* v. *Craig*, 239 N. Y. 98; *Matter of Edge Ho Holding Corp.*, 256 N. Y. 374; *Matter of Herlands* v. *Surpless, supra*.) The papers on file disclose no such situations. Nolan, P. J., Wenzel, MacCrate, Murphy and Ughetta, JJ., concur. [206 Misc. 848.]