George M. Fartelli, J.
This is an article 78 proceeding in the nature of mandamus wherein petitioner, an attorney, seeks an order directing respondents, who are respectively the Comptroller and Mayor of the City of Mount Vernon, to audit and allow his claim for legal services rendered and disbursements incurred at the request of the Common Council of said city, and to sign and deliver checks therefor.
Respondents did not serve an answer to the petition as provided in section 1291 of the Civil Practice Act. Instead, as was their right under section 1293 of the Civil Practice Act, they cross-moved for an order dismissing the petition upon • the grounds of (1) legal insufficiency; (2) that the proceeding is barred by the four-month period of limitation contained in section 1286 of the Civil Practice Act; and (3) that no clear right is shown by the petition for the relief sought.
Under settled law. such a motion is in the nature of a demurrer and since only the petition may be considered, respondents thus admit the truth of the facts asserted in the allegations of the petition and every favorable inference which may reasonably be drawn therefrom (Matter of Ciminera, 4 A D 2d 749; Matter of Berlingieri v. O’Connell, 3 A D 2d 762; Matter of Felice v. Swesey, 278 App. Div. 958; Matter of Mapes v. Swezey, 278 App. Div. 959; Matter of Schwab v. McElligott, 282 N. Y. 182; Matter of Graffenburg Dairy v. Du Mond, 278 App. Div. 428; 22 Carmody-Wait on New York Practice, pp. 484-486).
This proceeding is sparked by the fact that about three years ago, the Common Council and respondent Mayor were engaged in a controversy regarding their respective investigations relating to the performance by a certain corporation of its contract *761 with said city for the laying and relaying of flagwalks and sidewalks. In connection with his investigation, the Mayor caused a subpoena to be issued and served upon a member of said Common Council, also an attorney, directing him to appear as a witness and to testify and give evidence in said Mayor’s investigation. Said member, representing himself, thereafter instituted a proceeding in this court to vacate and quash said subpoena and was successful in this regard before the Special Term (Matter of Krauss [Vaccarella], 206 Misc. 848). Thereupon the Mayor appealed to the Appellate Division, Second Department, from the order of Special Term.
The Common Council challenged the investigative and subpoena power of the Mayor, and having already succeeded in quashing and vacating the subpoena, was then called upon to defend the appeal and sustain the order of Special Term. According to the petition and the exhibits annexed thereto, which at this juncture are to be deemed admitted, the Mayor was represented at Special Term by the corporation counsel of said city, his appointee at will, and it appeared that said legal officer would (and ultimately did) represent the Mayor and did prosecute the appeal in the Appellate Division. Under such circumstances and in furtherance of its dignity as a legislative body and in order to preserve and not frustrate or impede its own similar investigation, the Common Council was thus in need of legal services. It was then apparent that since it represented the Mayor, the corporation counsel’s office could not and would not represent the Common Council on said appeal. Thereupon, the Common Council realistically determined that a condition was presented in which the necessity for employment of counsel other than the corporation counsel was presented, and pursuant to a duly adopted resolution, it retained petitioner to represent it and its said member in connection with said appeal and it resolved that the legal fee therefor was not to exceed the sum of $350.
The record further indicates that the said order of Special Term was thereafter reversed by the Appellate Division (Matter of Krauss [Vaccarella], 285 App. Div. 964) and the motion to vacate and quash the subpoena was denied. In order to have the question finally determined by the highest court in this State, the Common Council again retained petitioner to prosecute its appeal to the Court of Appeals and in connection therewith, it passed another resolution retaining him as such counsel and it further resolved that his fee for such services and disbursements incurred should likewise be paid out of the general funds of the city, as provided for in Section 50 of the Charter *762 of the City of Mount Vernon. The Court of Appeals ultimately affirmed the Appellate Division without opinion (309 N. T. 924).
Upon the final determination of said litigation, petitioner in due course presented to the Common Council his bill in the sum of $350, plus $69.70 disbursements for services rendered in the first appeal and in the sum of $1,000, plus $257.20 disbursements for services rendered in the second appeal. These bills were duly approved by the Common Council and were directed to be presented to the respondent Comptroller for payment as a charge upon the general funds of the city. Petitioner further alleges that on or about April 13, 1956 he presented to said respondent verified claims, duly approved as aforesaid, for the respective amounts and that respondent has failed, neglected and refused to audit and pay said claims, and that on March 28, 1957 respondent informed petitioner that said claims had been forwarded to the law department of said city for an opinion as to the legality of making payment therefor.
The court is of the opinion that under the afore-mentioned factual situation, petitioner’s retention as counsel in both instances was not only authorized and reasonably warranted, but also legal (Mount Vernon City Charter, § 50; L. 1922, ch. 490; Judson v. City of Niagara Falls, 140 App. Div. 62, affd. 204 N. Y. 630) and that the petition is prima facie sufficient to sustain this mandamus proceeding. The various matters set forth in respondents’ brief by way of evidentiary facts and the proposed defense of the four-month Statute of Limitations must be asserted by way of answer and accompanying affidavits (see Matter of Berlingieri v. O’Connell, 3 A D 2d 762, supra; Civ. Prac. Act, § 1291).
From a reading of section 50 of the Charter of the City of Mount Vernon, there is no doubt that it expresses a strong legislative policy that the Common Council was to have full power to investigate all departments and all public affairs and that the expenses of such investigations were to “ constitute a charge upon the general funds of the city ”. Effectuation of such policy under the afore-mentioned circumstances demanded the broadest possible interpretation of the scope and content of that section, and it requires no straining to reach the conclusion that the employment of counsel to represent one of its members and the Common Council as a whole upon a matter which it felt was vital to the success or failure of its own investigation, was an indispensable item of expense. Implicit in the power to retain such counsel was the power of the Common Council to make a contract with said counsel for the payment of his services rendered and to be rendered.
*763 Respondents ’ contentions that the power to make such a contract lies exclusively with the respondent Mayor (Mount Vernon City Charter, § 65; L. 1922, ch. 490), or, in the alternative that petitioner’s claim, in any event, is one for quantum meruit which may require a hearing by the respondent comptroller to test the accuracy and justness thereof, are without merit. It is axiomatic that in construing statutory provisions, the spirit and purpose of the act and the objective sought to be accomplished must be considered. If the court were to accept said contentions, the general purpose, obvious duty and manifest policy of the Common Council to investigate public officers and public affairs could easily be defeated and obstructed.
Accordingly, in the light of the afore-mentioned, respondents ’ motion to dismiss is denied, with leave to respondents, if they be so advised, to interpose an answer within 10 days after the service of a copy of the order to be entered hereon with notice of entry thereof, so that the matter can be determined upon full papers.
Settle order on notice.