Arthur D. Brennan, J.
The petitioner, as Mayor of the City of Mount Vernon, applies for an order directing that a warrant issue to the Sheriff of Westchester County to apprehend the respondent and produce him as a witness before the petitioner, who is conducting an inquiry into housing conditions in said city, pursuant to the powers vested in him by article VI of the charter of said city. The respondent has been served with a subpoena issued by the petitioner to appear and give evidence in said housing investigation and to produce all books and records concerning the maintenance, operation and control of certain premises (in the city) which are leased by the respondent. Upon advice of counsel the respondent refused to obey the subpoena or attend the inquiry.
*308 The respondent contends that the petitioner has no power to subpoena and examine the respondent, as a private citizen, and to compel him to produce his books and records.
It is this court’s view that under and pursuant to section 66 of the City Charter the petitioner had the power to conduct the investigation and issue the subpoena. Under this section it appears to be clear that the petitioner has the power to issue subpoenas to witnesses, whether they be private citizens or public officials or employees, “in all eases relating to the affairs of the city and its officers and employees.” (Cf. Matter of Frank v. Balog, 189 Misc. 1016, affd. 272 App. Div. 941; Matter of Krauss [Vaccarella], 285 App. Div. 964, affd. 309 N. Y. 924.) Respondent’s further contention that the only power to investigate the public affairs of the city was in the Common Council, pursuant to section 50 of the City Charter, may not be sustained. The Appellate Division in Matter of Krauss (supra) stated that the Common Council had the investigative and subpoena power under section 50 of the charter, similar to that which was given to the petitioner under section 66 of said charter. The result is that the petitioner as well as the Common Council have the power to investigate the affairs of the city.
Accordingly the application is granted unless the respondent appears and testifies with 10 days following the service of the order to be entered hereon with notice of entry thereof.
Settle order on notice.