63 N.J. Super. 548 (1960)
164 A.2d 841
JOHN EVANKO, CHAIRMAN, AND MAYNARD B. WINSTON AND JOHN P. HUGHES, COMMITTEEMEN OF THE TOWNSHIP OF WOODBRIDGE, IN THE COUNTY OF MIDDLESEX, FOR AN INVESTIGATION OF ALL MUNICIPAL OFFICIALS, OFFICERS AND EMPLOYEES IN RELATION TO DISCHARGING THEIR OFFICIAL DUTIES AND TO INVESTIGATE SUCH ADDITIONAL SUBJECTS, PERSONS OR MATTERS FALLING WITHIN THE JURISDICTION OF THE COMMITTEE AS APPEARS NECESSARY PURSUANT TO N.J.S.A. 40:48-25 AND N.J.S.A. 2A:67A., PLAINTIFFS,
v.
NATHAN DUFF, TOWNSHIP ATTORNEY OF THE TOWNSHIP OF WOODBRIDGE, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided October 21, 1960.
*550 Mr. Lewis S. Jacobson, attorney for plaintiffs.
Mr. David I. Stepacoff, attorney for defendant.
GIULIANO, J.S.C.
In this action, a declaratory judgment is sought pursuant to N.J.S. 2A:16-50 to 62, inclusive, and R.R. 4:92A, to determine whether Nathan Duff, by virtue of his status as Township Attorney of the Township *551 of Woodbridge and acting at the request of two members of the Woodbridge Investigating Committee, has a right to be present in the area reserved to the committee for the purpose of advising the members who requested his presence notwithstanding a 3-2 vote of the committee ordering him to leave the area reserved for the committee.
The controversy is the culmination of a course of events commencing with a resolution of the Woodbridge Township Committee adopted on August 9, 1960, which appointed an investigating committee pursuant to R.S. 40:48-25 and N.J.S. 2A:67A-1 et seq.,
"* * * to examine any and all officials, officers and employees of the Township of Woodbridge, in relation to the discharge of his or their official duties or conduct, as the case may be, and to examine and investigate such additional subjects, persons or matters, falling within the jurisdiction of this Township Committee, as may, in the judgment of said Committee, require or necessitate such examination and investigation.

* * * * * * * *
Be it further Resolved, that Lewis S. Jacobson be and is hereby appointed special counsel to said Board subject to the responsibilities and duties by it imposed."
At the regular meeting of the investigating committee on September 14, 1960, Nathan Duff entered the area reserved for the committee and its special counsel. He did so at the request of two members of the committee who asked him to be present to advise them on legal matters. The committee, by a majority vote of 3-2, asked Nathan Duff to leave the area reserved to the committee. He refused to do so. Thereafter, by a vote of 3-2, the committee held Nathan Duff in contempt and the committee counsel, Lewis S. Jacobson, was instructed to take such proceedings as would enforce the contempt and decide the issue involved. The committee hearing was then adjourned and has not reconvened since.
A motion was made before this court by Mr. Jacobson for an order to show cause why Nathan Duff should not be held in contempt for his refusal to obey the mandate of the committee. On September 23, 1960 an order was issued *552 directing Nathan Duff to appear on October 14, 1960 and show cause why he should not be held in contempt of the committee.
Before the date of the hearing, counsel for the parties advised the court that a stipulation had been consummated which provided, inter alia, for dismissal of the order to show cause entered on September 23, 1960; the dispute was to be brought before the court in an action for declaratory judgment, and the attorney for Nathan Duff agreed that he would 
as attorney for Nathan Duff waive
(1) jurisdiction
(2) time for filing an answer
(3) waive the necessary time requirements on an order to show cause and/or the order to show cause itself in order that there will be an adjudication of the issue as raised in the complaint about to be filed, and which is particularly set forth as follows: "The Court shall determine whether Nathan Duff by virtue of his status as Township Attorney, and acting at the request of two members of the Investigating Committee to be present to advise them, should be excluded from the area reserved to the Committee by the vote of three members of the Committee."
In accordance with the aforesaid stipulation, counsel for the investigating committee filed a complaint for declaratory judgment on October 6, 1960. This complaint set forth a demand for
"* * * judgment whereby this Honorable Court shall determine whether Nathan Duff by virtue of his status as Township Attorney, and acting at the request of two members of the Investigating Committee to be present to advise them, should be excluded from the area reserved to the Committee by the vote of three members of the Committee * * *."
By way of answer, the defendant admits all the factual allegations pleaded by the plaintiffs and urges the defense of legal right and duty under section 4 of the Woodbridge ordinance. The defendant also counterclaimed. In paragraphs 2, 3, 4 and 5 of the counterclaim, defendant alleges that section 6 *553 of the Woodbridge ordinance authorizes the township attorney, with the consent of the governing body, to hire special counsel. The special counsel having been appointed by resolution of the township committee, the defendant urges that such appointment was in violation of the Woodbridge ordinance.
Paragraph 8 of the counterclaim asserts that the investigating committee was to reconvene its hearings on October 12, 1960.
The defendant's prayer for relief reads as follows:
"Wherefore, counterclaimant, Nathan Duff, demands judgment whereby this Honorable Court shall determine whether The Township Committee can withdraw or take from the hands of the Township Attorney legal matters relating to and concerning the Township Government in the manner aforementioned, and if this matter be determined against the Township Committee then counterclaimant demands that all hearings of the Investigating Committee proceed with the Township Attorney as counsel for the said Committee in its probe. Counterclaimant also demands that, since great and undue confusion and demonstrations will arise if a hearing of the Investigating Committee of the Township of Woodbridge is held before the legal issues raised in this case are determined by this Honorable Court, an ad interim restraint should issue against the Investigating Committee of Woodbridge Township to prevent them from holding hearings pending the determination of legal rights by this Honorable Court."
Immediately after defendant filed his answer, counterclaim and brief, the plaintiffs filed a supplemental brief wherein they argue that the counterclaim violated the stipulation of the parties and attempted to do indirectly that which should have been done in lieu of prerogative writ within 45 days of special counsel's appointment (R.R. 4:88-15).
Plaintiffs' position is that the issue before the court is limited to the defendant's right to be present to advise the investigating committee members. Any attempt to contest the validity of the appointment of special counsel should be disallowed.
On the application of the defendant, a restraint order was issued on October 11, 1960. The order stayed further *554 committee proceedings pending the final hearing in this matter.
The crux of the legal question presented to the court is a construction of language in the Woodbridge ordinance which created the office of township attorney and describes his duties. The pertinent language is:
"The Township Attorney shall be the chief law officer in charge of the legal affairs of the Township over which the Township Committee has jurisdiction. He shall be the legal advisor to the Governing Body, and when requested, advise that Body or any of its members or any Department Heads on legal matters relating to and concerning the Township Government."
The investigating committee was created pursuant to R.S. 40:48-25:

"Municipal Investigation Committees; Power to Issue Subpoenas; Service of
"When the governing body of a municipality shall have appointed a committee of its members upon any subject or matter within its jurisdiction, the committee may issue a subpoena ad testificandum, or subpoena duces tecum, to any person within this state, to appear before it to give testimony or information required. The subpoenas may be served by any police officer or constable of the municipality."
This statute requires as a preliminary qualification that the committee be composed of the members of the township committee; the investigating committee member becomes such by reason of his office of township committeeman. However, there is nothing in the statute which changes the functions and duties which are regularly ascribed to an investigating committee. Since the statute is silent and nothing otherwise appears in derogation, a body formed for the purpose of inquiring into municipal matters aimed at discovering abuses or sound practices is, nonetheless, an investigating agency albeit members of that body are coincidentally township committeemen.
The defendant argues that the township attorney has a right to be present in the area reserved to the investigating committee because section 4 of the ordinance provides:
*555 "The Township Attorney shall be the chief law officer in charge of the legal affairs of the Township over which the Township Committee has jurisdiction."
This provision makes the township attorney the head of the legal department of the township. This court has no doubt that the investigating committee is not one of "the legal affairs * * * over which the Township Committee has jurisdiction." The township committee appoints the investigating committee under R.S. 40:48-25, and its "jurisdiction" ends there. Any action of the township committee on the report or recommendations of the investigating committee would occur after the work of the investigating committee was completed.
The defendant's primary claim of right arises out of the language in the ordinance which provides:
"* * * He shall be the legal advisor to the Governing Body, and when requested, advise that Body or any of its members * * * on legal matters relating to and concerning the Township Government."
Defendant asserts that by virtue of his status as township attorney, he had a duty to be present in the area reserved to the investigating committee because his presence as advisor was requested by two members of the investigating committee. The members of the investigating committee would therefore, collectively or individually, have a right to have the township attorney where plaintiffs contend he could not be. The plaintiffs argue that the resolution appointing the investigating committee created a separate and distinct body to which the defendant owed no duty of advice. Consequently, the interpretive issue is, do the members of the investigating committee have standing, because of their membership on the township committee, to request the presence of the township attorney as advisor on legal matters arising during the course of the investigating committee proceedings? As the court understands it, the defendant would give advice *556 on the rights of witnesses, appropriate questions to propound to the witnesses, and other duties ordinarily those of counsel to the investigating committee.
It is the court's view that the duties imposed upon the township attorney by the Woodbridge ordinance do not include an obligation to advise members of the investigating committee. As this court construes it, the ordinance requires him to be "advisor to the Governing Body * * * or any of its members * * *" when the members individually or collectively are performing in their capacity as township committeemen. The point is clear that the determinant is that the member of the governing body is not acting in his role as township committeeman, but rather in a separate and distinct capacity. No metaphysical reasoning is necessary for this result. Whatever other activities a member of the township government may be involved in, he is said to be a Woodbridge committeeman, but the title alone is not the basis for the township attorney's duty to advise. The test is whether a committeeman is functioning as a member of the township committee or as a member of a municipal investigating committee.
The defendant says this court must rule in his favor because of the holding in State, Hoxsey, Pros. v. City of Paterson, 40 N.J.L. 186, 189 (E. & A. 1878). There the city council retained special counsel "to defend a number of certioraries brought to review assessments for street improvements." The suits lasted fifteen months and all the legal services attendant on the suits were performed by the special counsel without the consultation or help of the city counsel. At pages 187 and 188, the court stated that it found "The ordinances of the city prescribe that it shall be the duty of the city counsel, * * * to defend all actions which may be brought against the city in its corporate name, or in which the city is interested, in any court of this state." In lieu of the evident conflict between the city counsel's duty to defend all suits and the assignment of the tax cases to special counsel, the decision supported *557 the city counsel's right to have handled the tax litigation. The rationale for the holding was (at p. 189):
"* * * the power of the corporation to employ associate counsel does not involve the right, on the part of the city authorities, under the guise of such employment, to withdraw and take out of the hands of the city counsel any particular case or class of cases and to confide their management to others."
The holding of this court is in accord with that decision. As the court has already indicated, the Woodbridge ordinance did not oblige the defendant to advise the investigating committee members so there is nothing "* * * withdraw[n from] * * * the hands of the city counsel * * *."
The Hoxsey case, supra, indicates that a municipality can employ special counsel when the need arises if its charter or ordinances do not prohibit it. The former Supreme Court ruled that the City of Wildwood acted within its authority, Byrne v. City of Wildwood, 95 N.J.L. 287 (Sup. Ct. 1921), when it obtained special counsel to defend particular writs of certiorari for the city. The duties of the city solicitor were
"* * * to draw all ordinances and contracts or pass upon the same before action is taken thereon and give such legal advice as may be required by the board of commissioners."
The Hoxsey case, supra, was said to be controlling; the court concluded that the work assigned to the special counsel was outside the scope of the city counsel's duties.
Osborne v. Murphy, 119 N.J.L. 65, 66-7 (Sup. Ct. 1937), a case where special counsel was employed with the recommendation of city counsel to represent the Board of Commissioners of Newark in a summary investigation had pursuant to R.S. 40:6-1 to 6, held that the municipality had the right to employ special counsel to represent it during the investigation. The appropriate language is:
"* * * The right, however, of the municipality to employ special counsel, under the circumstances here exhibited, is challenged. *558 We think that right is clear both by virtue of the decided cases (State [Hoxsey, Prosecutor] v. City of Paterson, 40 N.J.L. 186; Byrne v. Wildwood, supra; Stout v. Bayonne (N.J. Sup.) [15 N.J. Misc. R. 762]) and by virtue of P.L. 1930, ch. 166, p. 594 * * *."
(L. 1930, c. 166, p. 594, R.S. 40:6-5, gives the commission the right to have counsel of its choice represent it during a summary investigation had by petitioning the court under R.S. 40:6-1.) The court understands this decision to mean that special counsel can be appointed in a municipal probe when the charter or ordinances of the municipality do not provide otherwise.
The last sentence of section 4 of the Woodbridge ordinance excludes specified duties from the ambit of the town counsel's responsibility:
"His duties shall not include the foreclosure of Tax Title Liens, nor legal services to the Board of Adjustment, the Planning Board, any Housing or Parking Authority or similar Boards, Bodies or Agencies which are deemed to be separate and distinct entities."
This court need not pass on whether the investigating committee is one of the "separate and distinct entities" to which this exclusionary provision is directed because the term "member," as it is used in section 4, does not include within its meaning a township committeeman who is sitting on a municipal investigating committee.
The defendant also urges this court to declare that section 6 of the Woodbridge ordinance gives him alone the right to initiate the appointment of special counsel. Specifically, that section provides:
"The Township Attorney is hereby authorized, with the consent of the Governing Body, to engage special Counsel to aid in litigation, trial, brief preparation or argument of such causes or proceedings in which the Township may be a party or have a special interest. Special counsel may be engaged as aforesaid when the Township Attorney deems it in the best interest of the municipality to do so and the fee for legal services rendered by such special Counsel shall be borne by the Township."
*559 This court does not agree with the argument that special counsel can only be appointed in this manner. The language does not say the township committee cannot retain special counsel without consulting the township attorney. As we have seen, the Hoxsey, Byrne, and Osborne cases, supra, establish that a township committee has the power to employ special counsel when the need arises and the charter and ordinances of the municipality do not militate against it. This court cannot hold that the Woodbridge Township Committee gave up its power to appoint special counsel.
In view of this court's findings on the issue involved in section 6 of the Woodbridge ordinance, it is not necessary to decide whether the counterclaim should be dismissed as a violation of the stipulation or as a subversion of R.R. 4:88-15.
For the reasons stated above, it is the judgment of this court that the defendant has no legal right as township attorney to advise members of the investigating committee and, therefore, has no right to be present in the area reserved to the investigating committee. The investigating committee should proceed in accordance with the Woodbridge Township Committee resolution adopted on August 9, 1960.
Judgment will be entered in favor of the plaintiffs.