Michael Catalano, J.
Petitioner moves for an order pursuant to article 78 of the Civil Practice Act directing respondent Board of Appeals of the Town of Porter, Niagara County, New York, to reverse its determination dated July 24, 1962, granting ‘ ‘ Mrs. E. R. Shortz ’ ’ a variance permitting her to erect a commercial building in a “ Residential ” zone.
The petition alleges that petitioner owns property on the north side of Lakeshore Road, Town of Porter, New York, immediately adjacent to the property of “ Mrs. E. R. Shortz;” that all said property was and is zoned “ Residential;” that when the Zoning Ordinance of the Town of Porter was adopted on March 3,1942, the northerly part of the Shortz property was used as a public bathing beach and refreshment stand close to the shore line; that on March 1, 1962, respondent Howard, as Porter Building Inspector, issued a permit to “ Mrs. E. R. Shortz ” to construct a ‘ ‘ new refreshment stand on the front of her premises facing Lakeshore Road;” that on March 27, 1962, at a meeting of respondent board, said Howard acting as chairman, ratified the issuance of the license stating that the new building replaced the old; that on July 24, 1962, at a public hearing of respondent board, again said Howard acting as chairman, approved the zoning variance by a vote of 4 to 3; that the action of said board was arbitrary, capricious, contrary to the spirit of the ordinance, materially altered the character of the immediate surroundings and tended to depreciate the values of the adjacent residential improvements.
Respondents move to dismiss the petition as a matter of law.
The respondents may raise an objection in point of law warranting the dismissal of the petition. (Civ. Prac. Act, § 1293; Town Law, § 267, subd. 7.) On such an application, all facts in the petition are assumed to be true; every reasonably favor *322 able inference shall be drawn therefrom; if the facts alleged are prima facie sufficient for the granting of the relief sought, the petition may not be dismissed for legal insufficiency. (See Matter of Ciminera v. Sahm, 4 N Y 2d 400, 402; Matter of Hines v. State Bd. of Parole, 293 N. Y. 254, 258; Matter of Grimm v. City of Buffalo, 8 A D 2d 689, same case 6 N Y 2d 820; Matter of Felice v. Swezey, 278 App. Div. 958; Matter of Mapes v. Swezey, 278 App. Div. 959; Matter of Guzzetta v. Carey, 8 Misc 2d 759, 760.)
Section 8, entitled “Uses Excluded from Residential and Agricultural Districts,” of article III, entitled “Districts and Uses Permitted,” of the Zoning Ordinance of the Town of Porter, as amended, provides that in residential districts there are excluded, inter alia, restaurants, grocery stores, mercantile establishments, stores or shops for the sale of merchandise. Ibid., section 12, entitled “Use District Exceptions,” (a), provides that the Board of Appeals may, in exceptional cases, grant a permit for a nonconforming use when it will not materially alter the character of the immediate surroundings and its peculiar suitability for particular uses, and provided it will not tend to depreciate the value of the buildings and adjacent property, for a period not to exceed two years. Ibid., section 14 of article IV, entitled “ Non-Conforming Uses and Alterations,” provides that any nonconforming use in existence at the time this ordinance becomes effective may be continued only upon that portion of the premises and in the structure where such nonconforming use then exists.
Here, the petition is legally sufficient. The permit issued by respondent Howard, as the Porter Building Inspector, was without authority and so void. The ratification thereof by the Board of Appeals was also invalid. Prima facie, the zoning variance approved by the Board of Appeals at the public hearing in July, 1962 was in violation of the Zoning Ordinance.
The respondents should answer, and the proceeding should continue pursuant to article 78 of the Civil Practice Act.
Motion denied, without costs. Respondents shall serve and file their answer within five days after service by the petitioner of a copy of the order herein granted with notice of entry thereof; petitioner shall thereupon have the right to renotice the matter for hearing upon the merits upon two days’ notice to respondents or their attorney.