Johannes R. KRAHMER, Plaintiff,

v.

William J. McCLAFFERTY, Jr., et al., Defendants.

Superior Court of Delaware, New Castle.

Sept. 21, 1971.

**632**

Victor F. Battaglia, City Sol., Wilmington, for plaintiff.

Ernest S. Wilson, Jr., Wilmington, for defendants.

## OPINION

O'HARA, Judge.

Plaintiff Krahmer seeks a writ of mandamus from this Court directing the Wilmington City Council to amend certain appropriations ordinances adopted by it, contending that the adoption of certain ordinances contravened the Charter of the City of Wilmington. Attached to the plaintiff's complaint is a letter opinion from the City Solicitor to the Mayor of the City dated June 4, 1971, wherein the City Solicitor supports the Mayor's publicly stated position that such ordinances were contradictory to the City Charter. Defendants, the City Council of Wilmington and certain individual members thereof, have sought to retain independent counsel to represent them in this action.

The present issue before the Court arises because of the contention of the City Solicitor that defendants have no right to such independent counsel if said independent counsel is to be paid out of City funds, since the City Charter requires the City Solicitor to represent "the City and every officer, department, board or commission in all litigation", (Section 4–300), that the defendants have never sought the City Solicitor's opinion with regard to the main issue in the case and that in any event and to avoid any semblance of conflict of inter-

est, the office of the City Solicitor is ready and willing to assign one of its members to defend these defendants against plaintiff's action and the City Solicitor's opinion.

It is the defendants' position with regard to the limited issues now before the Court that Municipal Charter provisions which give to a City Law Department exclusive control of all litigations involving the City, have no application when the City Law Department is disqualified or otherwise unable to act. The City Solicitor does not necessarily disagree with this contention. the issue difference between the parties is as to the applicability of the facts with regard to the question as to whether or not the City Law Department is or should be disqualified and thus unable to act.

▮ The Court initially will dispose of a somewhat subsidiary issue raised by the City Solicitor. He contends that the issues now before the Court are not properly here, being raised prematurely. The City Solicitor suggests that before the matter should properly come before the Court there should be a request for legal advice from the City, an opinion adverse to the defendants received and then an effort made to bring a declaratory judgment action.

The City Solicitor points out that in all cases relied upon by the defendants in support of their position, the issue has always been whether an attorney who already performed his services is to be paid. In this instance the attorney has yet to perform the services. The Court is of the opinion that this is meaningless hair-splitting. The matter obviously must be decided by the Court and rather then have such a duplication or multiplicity of actions, it being otherwise properly before the Court, the Court concludes that it has broad jurisdictional power to decide the problems raised.

▮ The Court has given careful consideration to all of the cases cited by the defendants and the City Solicitor. It is to be noted that there are certain distinctions

between the Charter provisions of other jurisdictions involved in the cases referred to, and the Charter provisions in the Wilmington Charter. The Wilmington Charter would seem to, for example, be much more restrictive in permitting any consideration of outside representations in litigation such as this. However, this Court is persuaded that regardless of these distinctions the basic provision of the law, as reflected in the numerous decisions considered, has application here, that the defendants have a right to an independent attorney assuming the facts justify the conclusion that the City Law Department should be disqualified from representing one of the parties to the lawsuit.

In this instance the City Solicitor is appointed by the Mayor subject to the approval of the Council and defendants are all members of the Council. It can and has been argued that in this sense the City Solicitor is the employee of both the Mayor and the City Council. However, this is a distinction without support in the law which in its modern trend avoids the appearance of impropriety in representation of both Government Agencies, officers, as well as individual citizens. In this instance one would be hard put to explain to a taxpayer of the City of Wilmington how they, through their representatives on the City Council, were being properly represented in this action when the attorney has already publicly voiced his opinion in support of the Mayor's position.

We have here a problem arising out of the somewhat unusual circumstance of the Law Department representing both an executive and legislative branch of the same Government. In most situations this undoubtedly would present no problems. However, when conflict exists and regardless of the Charter provisions the better reasoned legal authorities clearly hold that both parties are entitled to their own representation, in this instance independent counsel representing the defendants. Guzzetta v. Carey, 8 Misc.2d 759, 166 N.Y.S.2d 434 (1957); City of North Miami Beach v.

Estes, 214 So.2d 644 (Fla.App.1968); Byrne v. City of Wildwood, 95 N.J.L. 287, 112 A. 305 (1921); Waigand v. City of Nampa, 64 Idaho 432, 133 P.2d 738 (1943); Barnett v. City of Paterson, 48 N.J.L. 395, 6 A. 15 (1886).

In addition to the general principles of law hereinbefore referred to, the Court also concludes that defendants' contentions are correct based upon an obvious conflict of interest represented by the facts herein presented. Canon 6 of the Canons of Professional Ethics, A.B.A., defines a conflict of interest as follows:

> "* * * a lawyer represents conflicting interests when, in behalf of one client, it is his duty to contend for that which duty to another client requires him to oppose."

There is no question that the City Solicitor here is a member of the executive branch of the City Government, as are members of the office staff, all of whom are appointed by him. The executive branch of the City Government is in conflict with the legislative branch of the City Government over the proper appropriation of certain moneys. The defendants in this case are representatives of the legislative branch of the City Government. The City Solicitor not only owes a duty to the executive branch but has already taken a public position contending that the appropriations involved are illegal. Neither he nor any member of his staff can represent the opposite viewpoint without an apparent conflict of interest. The duty and obligation of a lawyer under the Canon of Professional Ethics supercedes any requirement of a City Charter such as we have here which would seem to require that he or a member of his staff represent even though there might be a conflict of interest involved. Nor is the Court persuaded otherwise upon the reading of the decision relied upon by the City Solicitor as found in Smith v. Chicago & N. W. Ry. Co., 60 Iowa 515, 15 N.W. 291 (1883). Not only are the facts in that situation sufficiently

different than those presented here but the ethical philosophy therein expressed is more representative of a time in our history when the problem of conflict of interest was not so seriously examined. To this extent this Court feels that the *Smith* decision is neither helpful nor controlling.

For the reasons herein stated the Court concludes that an order should be entered indicating 1) that the Court does have jurisdiction to determine the issue as to whether or not the defendants are entitled to independent counsel, 2) that defendants are entitled to independent counsel of their own choosing, and 3) that the reasonable expense of employing said counsel will be paid out of City funds.

It is so ordered.