583 A.2d 1149

WILLIAM W. HALLE, IV, PLAINTIFF–APPELLANT, v. TOWNSHIP OF WOODBRIDGE, A BODY POLITIC OF THE STATE OF NEW JERSEY; PUBLIC WORKS DIRECTOR AND FORMER WOODBRIDGE TOWNSHIP COUNCIL MEMBER ROBERT F. MOLNAR SR. AS AN INDIVIDUAL DEFENDANT, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued September 25, 1990—Decided November 1, 1990.

62

Before Judges BRODY and GRUCCIO.

*William W. Halle, IV,* argued *pro se.*

*Timothy M. Casey* argued the cause for respondent Township of Woodbridge.

*Joseph J. Benedict* argued the cause for respondent Robert F. Molnar, Sr. (*Benedict and Altman,* attorneys; *Joseph J. Benedict* and *Doris E. McNeil,* on the brief).

The opinion of the court was delivered by

GRUCCIO, J.A.D.

This case arises from an effort by plaintiff William W. Halle, IV, to remove defendant Robert F. Molnar, Sr. (Molnar, Sr.), from his position of Public Works Director of defendant Township of Woodbridge (Woodbridge). Plaintiff appeals from a grant of summary judgment in favor of defendants.

On January 25, 1989, plaintiff filed a complaint in lieu of prerogative writs against both Woodbridge and Molnar, Sr., dealing with alleged wrongdoing in a township leaf removal contract. Molnar, Sr., a member of the Woodbridge Township Council (Council), was appointed Public Works Director by the mayor of Woodbridge on March 1, 1988. At that time, he was a partner in Giordano & Molnar Trucking Co. (G & M). When appointed Public Works Director, Molnar, Sr., agreed to disassociate himself from G & M. In April 1988, one-and-one-half months later, he signed a divestiture agreement with his son, Robert F. Molnar, Jr. (Molnar, Jr.), transferring all of his shares of G & M stock to his son, allowing him to repurchase the stock once his term of office ceased and prohibiting his son from transferring any of the received stock.

Plaintiff subsequently attempted to amend his complaint to include conflict of interest allegations against Molnar, Sr., and seek an investigation into Woodbridge's bidding practices. Judge Lintner dismissed both the complaint and amended complaint and remanded the conflict of interest issue to the Council for an investigation, allowing plaintiff to present witnesses and/or documentation in support of his allegations. Plaintiff apparently did not contest the judge's dismissals. The Council appointed an attorney, John L. Schantz, to investigate plaintiff's complaints.

Thereafter, a hearing was held. On advice of counsel, Molnar, Sr., did not testify. The Council found no conflict of interest. Plaintiff then filed another complaint in lieu of prerogative writs alleging that the Council failed to remove Molnar, Sr., from office in the face of a "clear conflict of interest",

that Molnar, Sr.'s refusal to testify at the Council hearing warranted his removal from office, and that the Council's failure to do so was arbitrary, capricious, and unreasonable.

Judge Longhi dismissed the part of plaintiff's complaint asking the court to remove Molnar, Sr., from office because of his refusal to testify at the hearing. He remanded the remaining conflict of interest allegations to the Council for findings of fact and conclusions of law. After receiving the findings and conclusions, Judge Longhi granted both defendants summary judgment for the remaining counts of plaintiff's complaint. Plaintiff now appeals the granting of summary judgment.

On appeal, plaintiff raises a series of issues which, in the main, center around his right to compel the municipality to bring charges and oust Molnar, Sr., from his position as Public Works Director, to independently file suit in the Superior Court to force Molnar, Sr.'s ouster from his position and to compel the discovery of materials involved in the prosecutor's ongoing investigation. Since plaintiff is *pro se*, we set forth his points on appeal as contained in his brief.

1. The plaintiff has the statutory right to a trial denovo [*sic*], with the right to expand the record below.

2. The plaintiff has the right to discovery, and the right to ammend [*sic*] a complaint dismissed under R.4.6-2(e).

3. &

4. The Plaintiff's constitutional rights of due process and equal treatment under the law were violated when the record was expanded by the defendant MOLNAR Sr., without the opportunity to discover and rebutt [*sic*] in trial.

5. The defendant MOLNAR Sr. was and is now in violation of NJSA 40:69A-163. The evidence presented to the Council and the Court is overwhelming, and should have resulted in the Council's vote to remove MOLNAR, Sr., and on appeal, the Court's judgment to remove Molnar Sr.

6. The Attornies [*sic*] for the Township of Woodbridge are in conflict in this matter, and have conspired to submit perjured evidence to the Council and Court.

7. The Trial Court has ignored the misconduct of the attornies [*sic*] involved in this matter, in violation of the Judicial Code of Ethics.

8. There are two Superior Courts in New Jersey; one in Middlesex County, one for the rest of New Jersey.

Our review of the record in light of the applicable law and the arguments presented persuades us that each of the issues plaintiff has raised is clearly without merit. *R.* 2:11–3(e)(1)(A) and (E). We add the following comments:

█ In support of his claim of a statutory right to a trial *de novo,* with the right to expand the record below, plaintiff cites *N.J.S.A.* 40A:9–161 which provides for removal of municipal officers and employees and states:

> In any municipality wherein Title 11 (Civil Service) of the Revised Statutes is not operative and unless otherwise provided by law, no officer or employee of such municipality who has tenure in office shall be removed from his office or position except upon written charges, signed by the person making such charges....
>
> ....
>
> No such officer or employee shall be removed from his office or position for political reasons or except as otherwise provided by law, because of a change in the form of government.
>
> The Superior Court shall have jurisdiction to review the determination of the governing body, which court shall hear the cause de novo on the record below and affirm, modify, or set aside the determination.
>
> Either party may supplement the record with additional testimony subject to the rules of evidence.
>
> The removal procedures set forth in this section shall not apply to officers for which specific removal procedures are elsewhere provided by law.

*Id.*

This statute clearly does not apply to Molnar, Sr., for several reasons: (1) *N.J.S.A.* 40A:9–161 only applies to "tenured" employees in municipalities where the Civil Service statute is not in effect. Although *N.J.S.A.* 40A:9–154.6 provides that municipalities may pass ordinances giving tenure to full-time municipal superintendents who have served five years continuously, even if Woodbridge did this, Molnar, Sr., has not been continuously employed as Public Works Director for five years. Therefore, he is not "tenured" within the meaning of the statute. (2) *N.J.S.A.* 40A:9–161 only applies where there are no other specific removal procedures elsewhere provided by law. In this case, specific removal procedures for municipal employees and officers are elsewhere provided in *N.J.S.A.* 40:69A–163, in connection with 40:69A–166. Consequently, *N.J.S.A.* 40A:9–

161 is inapplicable to Molnar, Sr. (3) Plaintiff alleges that Woodbridge is a Civil Service municipality. Therefore, *N.J.S.A.* 40A:9–161 would be inapplicable in its entirety to any employee or officer of Woodbridge.

Plaintiff next relies upon *N.J.S.A.* 40:69A–166, of which the last sentence provides: "Any person who shall violate any of the provisions of sections 17–14, 17–15 or 17–16 of this article [which includes *N.J.S.A.* 40:69A–163] shall upon conviction thereof in a court of competent jurisdiction forfeit his office." This clearly does not apply to Molnar, Sr., as he has never been convicted in any court of competent jurisdiction.

Plaintiff also claims Molnar, Sr., was, and is now, in violation of *N.J.S.A.* 40:69A–163 and that, therefore, the Council should have voted to remove Molnar, Sr. Since it did not, he demands that we order Molnar, Sr., removed from his position as Public Works Director. This section, which plaintiff relies upon, is entitled "Interest in contracts or jobs forbidden," and reads:

No officer or employee elected or appointed in any municipality shall be interested directly or indirectly in any contract or job for work or materials, or the profits thereof, to be furnished or performed for the municipality, and no such officer or employee shall be interested directly or indirectly in any contract or job for work or materials or the profits thereof, to be furnished or performed, for any person operating any interurban railway, street railway, gas works, water works, electric light or power plant, heating plant, telegraph line, telephone exchange, or other public utility within the territorial limits of such municipality.

*Id.*

The sanction for violating 40:69A–163 is noted in 40:69A–166, entitled "Persons convicted of offenses; violations of sections 40:69A–163 through 40:69A–165", and reads:

Any person *convicted* of a crime or offense involving moral turpitude shall be ineligible to assume any municipal office, position or employment in a municipality governed pursuant to this act [sections 40:69A–1 to 40:69A–210], and *upon conviction thereof* while in office shall forfeit his office.... Any person who shall violate any of the provisions of sections 17–14, 17–15, or 17–16 of this

article [sections 40:69A–163, 40:69A–164, or 40:69A–165] shall *upon conviction thereof in a court of competent jurisdiction* forfeit his office.

*Id.* (emphasis added).

It has been held that 40:69A–166 applies to appointed officers and employees of a municipality. *Galloway v. Council of Clark Tp.,* 92 *N.J.Super.* 409, 418, 223 *A.*2d 644 (1966). Thus, upon conviction for a crime or offense of moral turpitude or of the above statutes, defendant must forfeit his or her office. However, here, Molnar, Sr., has never been convicted of anything. Therefore, 40:69A–165, on its face, would not apply to him. The question of whether Molnar, Sr., is in violation of 40:69A–163 is an issue to be addressed by the Middlesex County Prosecutor.

The decision of whether to proceed with a prosecutorial investigation and to prosecute is reserved to the prosecutor and not to a private citizen. The prosecutor is vested with broad discretionary powers in the discharge of the manifold responsibilities of the office. *State v. Hermann,* 80 *N.J.* 122, 127, 402 *A.*2d 236 (1979).[1] This discretion includes both the decision to prosecute an individual whom the prosecutor has probable cause to believe has violated the law and the converse decision to refrain from prosecuting such an offender. *Id.*[2] Such a prosecutorial decision is only reversible by the court and subject to judicial nullification in cases of arbitrariness or abuse. *Id.* *See also State v. Leonardis,* 73 *N.J.* 360, 382, 375 *A.*2d 607 (1977); *In re Investigation Regarding Ringwood Fact Finding Comm.,* 65 *N.J.* 512, 516, 324 *A.*2d 1 (1974).

---

[1]*See, e.g., In re Investigation Regarding Ringwood Fact Finding Comm.,* 65 *N.J.* 512, 516–17, 324 *A.*2d 1 (1974); *State v. Laws,* 51 *N.J.* 494, 510–11, 242 *A.*2d 333 (1968), *cert. denied,* 393 *U.S.* 971, 89 *S.Ct.* 408, 21 *L.Ed.*2d 384 (1968). *See also N.J.S.A.* 2A:158–4 (allowing county prosecutors and the Attorney General exclusive jurisdiction over the criminal business of the State).

[2]*See, e.g., State v. Laws, supra,* 51 *N.J.* at 510–11, 242 *A.*2d 333; *State v. LeVien,* 44 *N.J.* 323, 326–27, 209 *A.*2d 97 (1965); *State v. Winne,* 12 *N.J.,* 152, 172–73, 96 *A.*2d 63 (1953).

 Likewise, the initial decision of whether to bring civil charges and remove a person such as this political appointee is within the sound discretion of the municipal council which here heard and decided that issue. *See In re Shain*, 92 *N.J.* 524, 529–31, 457 *A.*2d 828 (1983) (stating that the drafters of the Faulkner Act plainly contemplated that under a Mayor–Council form of government, the council would be empowered to undertake the investigation of departments and the removal of municipal officers for cause). *See also N.J.S.A.* 40:69A–37(a). In the case at hand, the Council undertook an investigation and found no cause to remove Molnar, Sr. Thus, Molnar, Sr., was responding not to the will of an individual, but to the will of the Council, which represents the public at large. Consequently, Molnar, Sr., should not now be removed by the court. *See Stern v. Hall*, 183 *N.J.Super.* 536, 541–42, 444 *A.*2d 633 (Law Div.1982) (stating that municipal officers are to respond to the will of the council and not that of individuals or individual council members). *See, e.g., Traino v. McCoy*, 187 *N.J.Super.* 638, 645–46, 455 *A.*2d 602 (Law Div.1982); *Evanko v. Duff,* 63 *N.J.Super.* 548, 164 *A.*2d 841 (Law Div.1960); *N.J.S.A.* 40:69A–91.

We have carefully reviewed Judge Longhi's decision granting summary judgment and are in agreement with him. On January 5, 1990, he found that the Council had made specific findings of fact and conclusions of law for each allegation plaintiff had raised. He reviewed the record under an arbitrary, capricious and unreasonable standard and found evidence therein supporting the Council's decision. He, therefore, granted defendants' motions for summary judgment. Our review of the record finds full support for Judge Longhi's decision.

Affirmed.